[No. 4,677.]

### FRANCIS SCHWALM *v.* H. T. HOLMES AND WM. GWYNN, CONSTITUTING THE FIRM OF H. T. HOLMES & CO.

CONTRACT IN RESTRAINT OF TRADE.—A contract by which one party, at his own lime kiln, agrees to manufacture for another party, a certain number of barrels of lime within a given time, for which he is to receive a given sum per barrel, and which provides also that during the continuance of the agreement, the party manufacturing the lime shall not sell to any person any lime, is not illegal, as being in restraint of trade.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

The plaintiff, on the 31st day of October, 1874, commenced this action to recover the sum of $755 50, alleged to be due to him by the defendants for lime, sold by him to them, about the 25th of October, 1874, on a contract between the parties. The defendants, in their answer, by way of counter-claim, averred that on the 21st day of May, 1874, the plaintiff and defendants entered into an agreement of which the following is a copy:

"Article of agreement made and entered into this 21st day of May, A. D. 1874, by and between Francis Schwalm, of Marble Valley, El Dorado County, State of California,

party of the first, and H. T. Holmes & Co., of Sacramento
City and County, State aforesaid, party of the second part,
witnesseth: That the party of the first part, for, and in con-
sideration of the covenants and agreements hereinafter con-
tained, to be kept and performed by the party of the second
part, agrees to and with the said party of the second part,
to manufacture for the said party of the second part, at the
lime kilns of the said party of the first part, at Marble Val-
ley, aforesaid, and to deliver to the order of said party of
the second part, at Cothrin's Station, on the cars of the
Sacramento Valley Railroad Company, two thousand bar-
rels of good, well manufactured, merchantable lime, to be
free from cone stone, or any foreign substances, for one
year, commencing at the date of this agreement.    The same
to be delivered in equal quantities monthly, between the
1st day of June, 1874, and the 1st day of December, 1874.
The party of the first part further agrees to manufacture
four thousand barrels of lime, if the party of the second
part hereafter concludes to have the extra two thousand
barrels of lime manufactured; notice to be given of such
extension.    The party of the first part further agrees not to
sell to any person or persons any lime during the continu-
ance of this agreement, under a forfeiture of two dollars per
barrel for each and every barrel that may be sold.

"The party of the second part, in consideration of the
foregoing agreement, to be kept and performed by the said
party of the first part, agrees to take said lime, after de-
livery in the lime warehouse in Sacramento city, and to pay
one dollar and twelve cents per barrel for each and every
barrel of good lime, to be paid sixty days after the receipt
of each kiln at Sacramento in lime warehouse.

"In witness whereof, the parties of the first and second
parts have hereunto set their hands and seals the day and
year first above written.

"FRANCIS SCHWALM,      [SEAL.]

"H. T. HOLMES & Co.    [SEAL.]

"Witness:  G. McMAR."

It was then averred that the defendants had performed the
conditions of the agreement, but that the plaintiff had sold

to divers persons, since making the agreement, one thousand barrels of lime, to the damage of the defendants in the sum of two thousand dollars, for which sum the defendants asked judgment.

The plaintiff demurred to the above defense because the contract set up was contrary to public policy, and void. The Court sustained the demurrer. The defendants then amended their answer by inserting at the end of the contract, allegations, that the lime mentioned in the complaint was part and parcel of the lime contracted for by the defendants in the contract, and that the defendants were manufacturers of, and general dealers in lime in El Dorado, Placer, Sacramento and San Francisco counties, and that the plaintiff manufactured lime in El Dorado County, and had no place of business outside said County, where he sold or disposed of his lime, and that the contract only referred to such lime as should be manufactured by the plaintiff at his kiln, in El Dorado County. The cause went to trial on the amended answer, and the plaintiff proved that he had furnished the defendants with 2,342 barrels of lime, and that they had paid him $1,879 50, leaving a balance due of $755 25. The defendants then offered the contract in evidence, and offered to prove in connection therewith, all the facts set up in the amended answer. The Court, on the objection of the plaintiff, refused to receive the evidence, and then gave the plaintiff judgment for the amount claimed.

The defendants appealed.

*Beatty & Denson*, for the Appellants.

The contract is not in violation of Sec. 1,673 of the Civil Code of the State of California. It does not purport to restrain the respondent from exercising the trade or profession of manufacturing or selling lime, but merely restricts the quantity to be manufactured within a given time, and requires that whatever is sold, shall be sold at a given price to appellants.

The respondent, in the Court below, seemed to rely rather on the language of the Code, than on the common law rule

of decision in this class of cases, to sustain his view. We do not think that the Code materially varies the common law rule, but is rather declaratory thereof. The common law rule is, that "an agreement in general or total restraint of trade is void." We quote from 36 Cal. 358. This is a quotation made by Mr. Justice CROCKETT from Story on Contracts, and by him approved as laying down the law correctly. But (Sec. 551) an agreement in partial restraint of trade, restricting it within certain reasonable limits or times, or confining it to particular persons, would, if founded upon a good and valuable consideration, be valid. This contract was limited as to time. It was entered into May 21st, and only lasted until the 1st of December following, say six months and ten days.

The cases on this subject are all cited in note of second volume of Parsons on Contracts, page 748. There seems to be perfect uniformity in the decisions on the leading points: First, an agreement in restraint of trade, when it is unlimited as to time, place, and person, is void. If there is a reasonable limit as to time, place or person, and a valuable consideration for the agreement, then it becomes a binding contract.

The decisions as to limitation in territory are very numerous; those as to time and persons are not so numerous. Those as to limitation of persons are best illustrated by the case of *Gale* v. *Reed*, 8 East. 80; see also cases of *Nables* v. *Bates*, 7 Cowen, 307, and *Alger* v. *Thacher*, 19 Pick. 51.

The language of our Code only prohibits contracts whereby one is "restrained from exercising a lawful profession." Here, the respondent was not restrained from exercising "a lawful profession." He is, on the contrary, constrained to exercise the trade of lime making.

*Armstrong & Hinkson*, for the Respondent.

The contract in question is in restraint of trade, and is void. The general rule laid down by the Civil Code upon this subject is that "every contract by which one is restrained from exercising a lawful profession, trade or

business of any kind, is to that extent void." (Civil Code, Sec. 1,673.)

There are exceptions to the general rule that contracts in restraint of trade are void, but the contract in question is not within either of them. The exceptions are as follows:

First: "One who sells the good will of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city, or a part thereof, so long as the buyer, or any person deriving title to the good will from him carries on a like business therein." (Civil Code, Sec. 1,674.)

Secondly: "Partners may, upon, or in anticipation of a dissolution of the partnership, agree that none of them will carry on a similar business within the same city or town where the partnership business has been transacted, or within a specified part thereof." (Civil Code, Sec. 1,675.)

Then, under the provisions of the Code, unless the restriction in the contract is limited to a city or county—no limitation as to time can take it out of the operation of the general rule; and we think such was the common law. There are some *dicta*, but no adjudged case to the contrary. (*Moore* v. *Bonnett*, 40 Cal. 251; *Wright* v. *Rider*, 36 Cal. 357.)

By the COURT:

The contract recited in the answer is not illegal, as being in restraint of trade. The Court erred in sustaining the demurrer to the answer.

Judgment reversed and cause remanded, with directions to overrule the demurrer to the answer.