[S. F. No. 1660.    Department Two. — February 27, 1901.]

# HENRY SUTLIFF, Respondent, v. E. SEIDENBERG, STIEFEL, & CO., Appellants.

CONTRACT — CERTAINTY — CONSTRUCTION. — Though a contract having a single object, which is so vaguely expressed as to be wholly unascertainable, is wholly void, yet a contract assailed for uncertainty must be interpreted so as to make it effective, if possible, without violating the intention of the parties. The words are to be understood in their ordinary meaning, and uncertain terms are to be interpreted in the sense in which the promisor believed that the promisee understood the promise when made. The contract may also be explained by reference to the circumstances under which it was made and the matter to which it relates.

ID. — AGREEMENT FOR SERVICES IN ASSISTING AGENTS "TO MAKE A SUCCESS "— COMMISSIONS. — An agreement by the defendants, in consideration of the plaintiff "assisting our distributing agents . . . to make a success of our line of cigars," within limits of territory allowed as per contract with them, "and for all services necessary to represent our interest," to pay monthly to plaintiff "five per cent commission on all sales made" within such limits by the agents named, or any other house selected, "as long as our goods find ready sale on this Coast," is not void for uncertainty.

ID. — PLEADING — COMPLAINT UPON CONTRACT — REFERENCE TO ANOTHER CONTRACT — TERRITORIAL LIMITS OF SERVICE. — The complaint upon the contract for the services rendered by the plaintiff does not fail to state a cause of action because it fails to set out the contract with the distributing agents of the defendants, referred to in the contract, as merely limiting the territory in which plaintiff was to give his services.

ID. — SUPPORT OF VERDICT — REDUCTION BY COURT — STATEMENTS OF SALES. — Where the statements of sales rendered by the defendants, as well as the plaintiff's testimony, show a greater amount due than was embraced in the verdict as reduced by the court, the verdict as so reduced cannot be disturbed upon appeal from an order denying a new trial, upon the consent of plaintiff to remit the amount of the reduction.

ID. — COMMISSIONS ON GROSS SALES — CONSTRUCTION OF CONTRACT. — Under the contract, plaintiff was entitled to commissions on gross sales, and not merely on net proceeds, especially where the statements rendered by the defendants to the plaintiff show that they must have so understood the contract.

ID. — DISCHARGE OF DEFENDANT — VERDICT OF JURY. — Where, upon an issue as to whether the defendant was discharged in May, the evidence was conflicting, and sufficient to warrant the submission of

the issue to the jury, and the jury found against the fact of such discharge, the verdict is conclusive thereupon.

ID. — IRREGULARITY — REFERENCE OF COUNSEL TO OFFER OF COMPROMISE — RECORD — INSTRUCTION. — The irregularity of counsel for plaintiff, in alluding in argument to an offer of compromise, is not ground for reversal, where the record does not show the language used, but shows that the court instructed the jury not to consider evidence relating to an offer of compromise.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Henry U. Brandenstein, for Appellants.

Naphtaly, Freidenrich & Ackerman, for Respondent.

THE COURT. — Plaintiff, assignee of Charles J. Simon, brought the action against defendants for services rendered and commissions earned by said Simon under the following contract: —

"SAN FRANCISCO, June 16, 1894.

"In consideration of Mr. Charles J. Simon assisting our distributing agents, Messrs. Adelsdorfer and Brandenstein, to make a success of our line of cigars in San Francisco and other territories allowed as per contract with Adelsdorfer and Brandenstein, and for all services necessary to represent our interest, we agree to pay Mr. Simon five (5) per cent commission on all sales made in California and above-mentioned territories, sold by Messrs. Adelsdorfer and Brandenstein, or any future house we may select. This arrangement to remain in force as long as our goods find ready sale on this Coast. Commissions to be paid monthly.

"(Signed)       E. SEIDENBERG, STIEFEL, & Co."

Defendants interposed a general demurrer to the complaint, which was overruled, and they answered, admitting the execution of the contract, but denied that Simon had rendered any service under it or complied with its terms; they also alleged a modification of the contract in January, 1895, and also that they discharged Simon in May, 1895.

The cause was tried by a jury, and plaintiff had a verdict for $1,236.81. On hearing the motion for a new trial, the court

made an order overruling the motion, on condition that the plaintiff remitted the sum of $517.25 from the amount of the verdict. This was done by plaintiff, and defendants appeal from the order alone.

1. The point chiefly relied on by appellants is raised by the demurrer, and also by an exception to the ruling of the court in admitting the contract in evidence when offered by plaintiff. It is claimed that the contract is void for uncertainty, in this: that there is no certain promise on Simon's part to assist Adelsdorfer and Brandenstein "to make a success of defendant's line of goods"; that it is not possible to determine what is meant by "assisting to make a success"; that the word "success" is itself too indefinite to give certainty to the contract; that the contract set out refers to another contract, which is not stated.

"Where a contract has but a single object, and such object is . . . so vaguely expressed as to be wholly unascertainable, the entire contract is void." (Civ. Code, sec. 1598.) We must give the contract such an interpretation as will make it "operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties" (Civ. Code, sec. 1643); and we must give to the words of the contract the meaning as used in their ordinary and popular sense. (Civ. Code, sec. 1644.) If the terms used are ambiguous or uncertain, the promise must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it." (Civ. Code, sec. 1649.) A contract may be explained by reference to the circumstances under which it was made and the matter to which it relates. (Civ. Code, sec. 1647.) Read in the light of these rules, the contract seems to us quite intelligible and certain. Defendants were doing business as cigar manufacturers in New York City, and desired to make a market for their goods in California. Adelsdorfer and Brandenstein, who were merchants in San Francisco, were made their distributing agents, and Simon was to assist them in introducing the goods to the public. Defendants not only spoke in the contract of making their line of cigars a success, but they further explained their meaning in the clause, "and for all services necessary to represent our interest, we agree to pay," etc., and by the clause, "this agreement to remain in force as long as our goods find ready sale on this Coast." Whatever of uncertainty there

may be in the meaning of the clause, "to make a success of our line of cigars in San Francisco," seems to be cleared up, at least sufficiently as against a general demurrer, by the subsequent clauses. There is no appeal from the judgment, and the only question is, whether the complaint states a cause of action sufficient to sustain the judgment. We cannot say that the contract is so "vaguely expressed as to be wholly unascertainable," and we must hold that the general demurrer was rightly overruled and the testimony offered properly admitted.

2. The complaint did not fail to state a cause of action because it failed to set out the contract with Adelsdorfer and Brandenstein, referred to in the contract. In the cases cited by defendants, it was held that where a party relies, in his complaint, upon a contract in writing, and it affirmatively appears that all the terms of the contract are not set forth *in hæc verba*, nor stated in their legal effect, but that a portion which may be material has been omitted, the complaint is insufficient. It was so held in *Gilmore* v. *Lycoming Fire Ins. Co.*, 55 Cal. 123, cited by defendants. Here the complaint does not show that the contract referred to in plaintiff's contract was in writing,—it may have been oral,—nor does it appear that it was necessary to plaintiff's recovery that the terms of the Adelsdorfer and Brandenstein contract should be set out or shown. So far as this latter contract concerned plaintiff, it was to limit the territory in which plaintiff was to give his services.

3. The evidence sustains the verdict as reduced by the court. The contract was made in June, 1894. Beginning with August, 1894, defendants made statements in writing, to plaintiff, of sales and commissions due him, continuing to and including January, 1895. The commissions were paid, except as to December and January, which were not paid. The statements for these months showed a greater amount due than was embraced in the verdict as reduced. This evidence, coming from defendants themselves, carried with it strong implication, not to speak of plaintiff's testimony, of services rendered, as well as the compensation earned. There was evidence tending to show that these statements were in excess of actual sales, and represented consignments to Adelsdorfer and Brandenstein, rather than sales. But this was an issue which the jury determined, and their verdict finds support in the evidence. Defendants claimed, and sought to show by evidence,

that they expended much money, through Adelsdorfer and Brandenstein, in making the sales, and that the expenses of sales should be deducted, and commissions allowed on net proceeds. But the court—rightly, we think—held that plaintiff was entitled to commissions on gross sales, and defendants show by their statements to plaintiff that they must have so understood the contract.

The issue as to whether plaintiff was discharged in May becomes immaterial, in view of the reduced verdict, which limited recovery to commissions earned previous to May. Upon this issue it may be said, also, that the evidence was conflicting.

4. Error is claimed because counsel for plaintiff, in addressing the jury, referred to a certain effort to compromise the claim for one thousand dollars, by an agent of defendants. The error is assigned as "the references made by David Freidenrich, counsel for plaintiff, in his opening and in his closing argument to the jury, to the offer of compromise made by the defendants to Charles J. Simon." The statement does not contain the language used, and nothing appears from which we can know the extent or character of the alleged irregularity. Besides, the court instructed the jury that they were not to consider the evidence relating to an offer of compromise.

5. Defendants submit certain affidavits in support of their motion on the ground of surprise. We infer from their brief that no great reliance is placed on this point. However, we have examined the affidavits, and fail to find in them any ground for the relief asked.

We have also carefully read the instructions asked by defendants and refused by the court, and the instructions as given, and discover no error.

The order is affirmed.


Upon petition for hearing in Bank, the court, in Bank, on March 29, 1901, gave the following opinion:—

THE COURT.—The petition for hearing in Bank is denied. Upon further examination of the record, we think, however, that it does not sustain the statement in the opinion hereinbefore given, that "the issue as to whether plaintiff was discharged in May becomes immaterial, in view of the reduced verdict, which limited recovery to commissions earned prior to May"; but there was sufficient evidence to warrant a submis-

sion to the jury of the question whether or not the respondent was discharged in May, upon which question they found that there had not been such discharge.

Beatty, C. J., dissented.