[Civ. No. 2490.  Second Appellate District, Division One.—February 18, 1919.]

## J. W. COOMBS, Appellant, v. JAMES H. BURK, Respondent.

[1] CONTRACT—VOID AGREEMENT—SALE OF GAS APPLIANCES—FURNISHING GAS—RESTRAINT OF TRADE—PUBLIC POLICY.—A contract, under which a gas corporation, furnishing gas to a city and its inhabitants, agreed to install for a private consumer certain appliances and piping, in consideration of which the consumer agreed to purchase from the gas corporation all gas which he might use, and in case of his failure to do so, and the purchase by him of gas from any other company, to pay to the contracting company a fixed sum in settlement for the articles installed, was illegal and contrary to public policy, as it was not only in restraint of trade, but if upheld

would tend to stifle competition and give the contracting gas company a monopoly of the business of furnishing a supply of gas in the city, and hence be detrimental to the public welfare.

APPEAL from a judgment of the Superior Court of Los Angeles County. Edgar G. Pratt, Judge *pro tem.* Affirmed.

The facts are stated in the opinion of the court.

H. C. Beach and S. W. Guthrie for Appellant.

Hibbard & Kleindienst for Respondent.

SHAW, J.—Action by plaintiff, as assignee of Los Angeles Gas & Electric Corporation, to recover money upon a contract. At the trial defendant interposed an objection to the reception of any evidence on the part of plaintiff upon the ground that the complaint did not state facts sufficient to constitute a cause of action, in that it appeared therefrom that the contract made the basis of the action was illegal and contrary to public policy. This objection was sustained and judgment entered for defendant, from which plaintiff appeals.

[1] It appears from the complaint, wherein the document is set out in full, that on June 1, 1916, the Los Angeles Gas & Electric Corporation (hereinafter designated the Gas Corporation), then engaged in furnishing a supply of gas to the city of Los Angeles and its inhabitants, entered into a contract with defendant whereby, for one dollar and the covenants therein contained on the part of defendant, it agreed to furnish and install for his use in said city, three No. 124 waffle irons, three three-burner hot plates, one Eclipse hotel range, three three-burner arcs, four single reflex lights, and 266 feet of pipe; in consideration of which defendant, during the life of the agreement, agreed to purchase from said Gas Corporation all gas which defendant might use, for any purpose at the place where said articles were installed, and in case of his failure so to do and the purchase of gas from any other person, concern, or corporation, he would pay to the Gas Corporation $330 in settlement for the articles so installed; provided, however, that if he ceased to occupy the premises or permanently discontinued the use of gas at said address, the agreement should terminate upon his returning the property (title to which until paid for should remain in

the vendor), so installed, in good repair and condition, reasonable wear excepted. The contract further provided that upon defendant's failure to purchase his supply of gas from the Gas Corporation, the $330 should become immediately due and payable. It is alleged that on the fourth day of August, 1916, defendant, without any fault on the part of the Gas Corporation, discontinued using the gas of said corporation and purchased gas from another company supplying gas in said city of Los Angeles, in violation of said agreement. "Whatever tends to prevent competition in business impressed with a public character is opposed to public policy and is therefore unlawful." (Greenhood on Public Policy, p. 180.) Where a contract affects such character of business, since no restraint, however partial, can be tolerated, the court will not inquire into or consider the extent of the restriction imposed. (*Gibbs* v. *Consolidated Gas Co.,* 130 U. S. 396, [32 L. Ed. 979, 9 Sup. Ct. Rep. 553, see, also, Rose's U. S. Notes]; *West Virginia T. Co.* v. *Ohio R. P. L. Co.,* 22 W. Va. 600, [46 Am. Rep. 527]; *Gwynn* v. *Citizens' Telephone Co.,* 69 S. C. 434, [104 Am. St. Rep. 819, 67 L. R. A. 111, 48 S. E. 460]; *Central Ohio Salt Co.* v. *Guthrie,* 35 Ohio St. 672.) As to private business, the conduct of which does not affect the public welfare, and hence involves no question of public policy, a different rule applies, under which contracts, if reasonable in their terms, will be enforced. Concededly in the instant case the Gas Corporation was engaged in a business impressed with a public character (*Gibbs* v. *Consolidated Gas Co., supra*), and from a reading of the contract it is apparent that its purpose in making the same was to prevent defendant from discontinuing the use of gas furnished by it and, in lieu thereof, obtaining a supply from another company engaged in supplying gas to the inhabitants of the city. That the contract was not only in restraint of trade, but if upheld would tend to stifle competition and give plaintiff's assignor a monopoly of the business of furnishing a supply of gas in the city, and hence be detrimental to the public welfare, admits of no controversy.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.