[S. F. No. 10286.    In Bank.—March 7, 1923.]

### D. P. McILLMOIL, Appellant, v. FRAWLEY MOTOR COMPANY (a Corporation), et al., Respondents.

[1] Contracts—Uncertainty—Construction—Intent.—The law does not favor but leans against the destruction of contracts because of uncertainty; and it will, if feasible, so construe agreements as to carry into effect the reasonable intention of the parties if that can be ascertained.

[2] Id.—Subject Matter—Description—Evidence.—The description of the subject matter of an agreement may be indefinite, and yet if it is capable of being identified and rendered definite and certain by evidence *aliunde* the contract is enforceable.

[3] Id. — Uncertainty — Validity of Contract. — A contract to purchase an automobile of a certain make is not void for uncertainty, although the particular model of that make is not specified, nor the price to be paid therefor, nor the time of payment, where the

purchaser has the selection of one of several models, the price of each model being fixed and standard.

[4] Id.—Payment—Time.—Where one buys personal property at an agreed price he by implication of law agrees to pay the price; and if no time of payment is agreed upon the law fixes the time of delivery as the time of payment. If the time of delivery is postponed until the occurrence of some act to be done by the seller, the time of payment, if not otherwise provided for, will be postponed by implication of law to the time of such delivery.

[5] Id.—Construction—Intent—Evidence of Circumstances.—For the purpose of arriving at the true intent of the parties, a contract is always to be construed in the light of the circumstances surrounding them at the time of its making.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. T. I. Fitzpatrick, Judge. Affirmed.

The facts are stated in the opinion of the court.

George D. Collins, Jr., for Appellant.

Dunn, White & Aiken for Respondents.

SEAWELL, J.—This cause was transferred to this court from the district court of appeal of the first district, division one. After decision in this court a rehearing was granted. The cause is again before us, and after further consideration we are of the opinion that the law of the case was correctly stated by Mr. Justice Myers, and we adopt his opinion, with added comment, which opinion was as follows:

"Upon further consideration we are satisfied with and adopt as part hereof the following opinion filed herein by the District Court of Appeal, written by Mr. Justice Kerrigan:

"'This is an appeal by the plaintiff in an action to recover the sum of $1,000 as money had and received by the defendants for his use and benefit.

"'The case was submitted for the decision of the trial court upon an agreed statement of facts, the material part of which is as follows:

"'That on the 6th day of November, 1920, the following contract was made, executed and delivered by the plaintiff McIllmoil to the defendants, to wit:

" 'License 306–815 San Francisco, Calif., Nov. 6th, 1920.

" 'Memorandum for sale of used car.

" 'Whereas I, D. P. McIllmoil, am the owner of one 1917 Mitchell Roadst, automobile, serial No. ——, motor No. 79293, and am desirous of selling said automobile, and have requested Frawley Motor Co. to sell it for me,

" 'Now therefore I hereby authorize Frawley Motor Co., to sell said automobile for my account, at a net price to me of $1000.00.

" 'I will buy a new Mitchell car. It is understood that Frawley Motor Co. shall keep $500.00 as a deposit on the new car.

" 'It is understood that if the car is left on your premises it shall be at my risk.

" 'Equipment on car is —— regular ——.

" ' (Signed)                                    D. P. McIllmoil.

" 'Used Car Department.

" 'Approved:                           By E. C. DeBruton.'

" 'That pursuant to the terms of said contract the defendants sold the said 1917 Mitchell Roadster automobile of the plaintiff and received as the purchase price on said sale the sum of one thousand dollars, no part of which sum has been paid the plaintiff. That the consideration to the defendants for the services rendered plaintiff in the sale of his Mitchell Roadster was the profit to be derived from selling him such new Mitchell car. That five hundred dollars of said sum has been deposited by the defendants and in the name of the plaintiff with a bank of deposit of good repute within said State of California . . . and said defendants have duly tendered to plaintiff said sum of five hundred dollars, deposited as aforesaid in said bank. That said plaintiff insists upon payment to him of the said entire sum of $1000.00, the price paid defendants on the sale of said 1917 Mitchell Roadster . . . but said defendants claim the right to retain and do retain $500 of said sum of $1000 as a deposit on the sale to plaintiff of a new Mitchell car as provided in said contract. . . . That on said 6th day of November, 1920, and for a long time prior thereto and ever since then the defendants have been and now are dealers in new Mitchell cars of different models and prices, and at all times have been ready and willing to sell and deliver to the plaintiff a new Mitchell car to be by him selected and for a

price to be agreed upon by the plaintiff and defendants and payable on such terms and conditions as might be agreed upon by said parties. That the plaintiff has since the said 6th day of November, 1920, failed to agree to purchase a new Mitchell car, and has failed and refused to agree upon a price for a new Mitchell car, and has failed and refused to agree on any terms or conditions on which the purchase price is to be paid by him for a new Mitchell car. That the prices of new Mitchell cars are all standard and fixed. That the selection of the car will determine the price to be paid. That on said 6th day of November, 1920, and long prior thereto and ever since then there have been more than three different classes or varieties of Mitchell new cars, each variety or class having a different price.

" 'Plaintiff claims that he is entitled to a judgment against the defendants for $1000, the entire sum received by defendants on account of the sale of plaintiff's old Mitchell car, for the reason, as he contends, that the agreement, above referred to, is void and unenforceable, being nothing more than an agreement to enter into an agreement, the terms of which have not been determined, and concerning a subject matter itself yet to be ascertained and selected by future negotiations and consent of the parties.

[1] " 'The law does not favor but leans against the destruction of contracts because of uncertainty; and it will, if feasible, so construe agreements as to carry into effect the reasonable intentions of the parties if that can be ascertained (*Sutleff* v. *Seidenberg, S. & Co.,* 132 Cal. 63 [64 Pac. 131, 469]). [2] The description of the subject matter of agreement may be indefinite, and yet if it is capable of being identified and rendered definite and certain by evidence *aliunde* the contract is enforceable (*Mebius & Drescher Co.* v. *Mills,* 150 Cal. 229 [88 Pac. 917]; Elliott on Contracts, sec. 179).

[3] " 'Applying this rule to the facts of this case, we think the contention of plaintiff that the contract is void for uncertainty cannot be sustained. It is true that the written contract did not specify the particular model of new Mitchell car which the plaintiff was to purchase, nor the price to be paid therefor, nor the time of payment; but in law "that is certain which may be made certain." Here the plaintiff had agreed to purchase from the defendants a

new Mitchell automobile. The particular car to be taken was not thereafter a subject of negotiations, all that remained to be done in this behalf being the selection by the plaintiff of one of the various models of Mitchell cars on sale by the defendants. Nor was the price to be paid therefor a subject of future agreement, since the prices of the various models, according to the agreed statement of facts, being fixed and standard, the selection by plaintiff of the car desired determined the price and made the contract definite in that respect also. As to the terms of payment, the written contract being silent upon this point, the law itself supplies the deficiency and requires that payment shall be made at the time of delivery.

[4] " 'Where one buys personal property at an agreed price, by implication of law he agrees to pay the price; and if no time of payment is agreed upon the law fixes the time of delivery as the time of payment. If the time of delivery is postponed until the occurrence of some act to be done by the seller, the time of payment, if not otherwise provided for, will be postponed by implication of law to the time of such delivery. This rule applies to cases where the time of payment of part of the price is specifically fixed and the time of the payment of the remainder is left unprovided for (*Gilfallan* v. *Gilfallan,* 168 Cal. 23 [Ann. Cas. 1915D, 784, 141 Pac. 623]).

" 'It is true that in the agreed statement of facts it is stated that the defendants "were ready and willing to sell and deliver to the plaintiff a new Mitchell car to be by him selected and for a price to be agreed upon by plaintiff and defendants payable on such terms and conditions as might be agreed upon by said parties. That plaintiff . . . has refused to select for purchase a new Mitchell car, and has failed and refused . . . to agree upon any terms or conditions on which a new Mitchell car is to be sold to him . . . nor the conditions on which the purchase price is to be paid by him for a new Mitchell car." An argument is made by the appellant based upon this part of the statement of facts that the terms of delivery and payment were left to future negotiation; but it will be observed that the language in question merely describes what the defendants did or attempted to do, and what the plaintiff refused to do after the agreement to purchase the car (which was in writ-

ing) was made. The respective obligations of the parties are to be found by reference to the contract itself, and not by what one or other of the parties thereto might be willing to do in order to induce the other to comply with its terms. Evidently the defendants were willing to go much farther than their contract compelled them; and in their anxiety to consummate the transaction endeavored to agree with the plaintiff upon a price and terms of payment which should be satisfactory to him. But the inclusion in the agreed statement of facts of these matters did not alter the rights of the parties. The defendants could have insisted upon the list price and cash on delivery; and an argument based upon their complaisance in this regard comes with bad grace from a person denying any obligation under the contract.

" 'As we have seen, the alleged uncertainty of the contract in the matter of the particular car to be taken and the price to be paid therefor disappears upon the performance by the plaintiff of an act which he under the contract was compelled to do, namely, select the particular car desired by him; and the omission of the contract to state any terms of payment merely furnished the occasion to apply thereto the principle of law that payment is to be made upon delivery.'

"We have examined all of the long list of authorities collated by appellant in his petition for a hearing by this court, and find in them nothing contrary to the conclusions here expressed, with the single exception of one Alabama case which appears to be at variance with settled decisions of this state and which we do not feel impelled to follow. The real controversy herein is not as to the rules of the law, but only as to their application to the present situation.

"It is to be noted that the defendants are not here seeking specific enforcement of the contract or damages for its breach. They are not asking the court to decree a forfeiture, or adjudge a penalty or award damages; neither are they seeking to be relieved from the contract. They have performed their part, so far as they have been permitted to do so, and they stand ready to complete their performance whenever the plaintiff will enable them to do so. We are here confronted with the peculiar situation of a plaintiff, while retaining the benefits which have accrued

to him from the contract, asking the court to secure to him the fruits of his own violation thereof; the contract having been entered into in entire good faith, at least on the part of the defendants.

"It is nevertheless true, as plaintiff contends, that if the contract leaves some essential element undetermined and provides no means for the determination thereof but leaves it to the future negotiation and agreement of the parties, it is void, and the plaintiff is entitled as a matter of law to the relief here sought. But we are satisfied such is not here the case. The contract being silent as to the time of performance and the terms of payment, the law supplies these elements, and specifies a reasonable time for the performance, and cash on delivery as the terms of payment. This leaves only the question as to the subject of the sale, and the price. [5] For the purpose of arriving at the true intent of the parties, a contract is always to be construed in the light of the circumstances surrounding it at the time of its making. Here it is admitted that the defendants were dealers selling all models of new Mitchell cars, 'that the prices of new Mitchell cars are all *standard and fixed;* that the selection of the car *will determine the price to be paid.'* (Italics ours.) It is thus obvious that the parties contracted with reference to those standard and fixed prices. The contract then is to be construed as if it read, with respect to plaintiff's promise, as follows: 'I will buy (from the defendants) a new Mitchell car of one of the following described models, to be selected by me, at the price hereinafter set opposite the description thereof. I will make the selection within a reasonable time hereafter, and will pay the balance of the said purchase price in cash on delivery,'—followed by a description of the different models with the price of each.

"It thus appears that the contract herein is identical in all essential respects with that which was held valid and binding, in *Mebius & Drescher Co.* v. *Mills,* 150 Cal. 229 [88 Pac. 917]. As was there said, by way of illustration: 'Reduced to simpler terms, if a man should say to a seller, "I will take from you three dozen pocket-knives of one or all of three described kinds," the price for each kind being specified, "but I want you to agree to give me a week in which to determine which of the kinds I will select," it

would come with some astonishment to a merchant to be told that such an agreement was void in law for uncertainty. It is probably safe to say that a million of such transactions take place every month throughout the country, without question or the possibility of question as to the legality of the agreement.' ''

The transaction above related presents a situation that is doubtless common to the business world, and particularly so to the business of buying, selling, and exchanging automobiles. The agreement was to purchase an automobile of the Mitchell type or make from defendants, who were dealers in and the agents for the sale of said cars. Undoubtedly the agreement to purchase a Mitchell car was the consideration that moved the said agents to undertake to dispose of plaintiff's used Mitchell car at a price that would net the latter $1,000. In effect, it was agreed that $500 of the sum realized by the efforts of said dealers should be retained by them as a deposit to be applied to the purchase of a Mitchell car thereafter to be selected by plaintiff. The fact that plaintiff requested and was given wide range in the matter of selection could not have affected the question of certainty as to his right or privilege to make his election. The seating capacity or pattern of the automobile was in the absolute control of plaintiff. The moment he exercised his volition that moment the price became fixed, or, better expressed, the fixed price attached.

From what has been heretofore said we are unable to see that plaintiff was in any way deceived or prejudiced by his contract if he really intended to comply with it. It must be presumed that he will be as fairly treated in the transaction into which he chose to enter as would any other purchaser. It must further be presumed that he will be dealt with on the same terms as are extended to the general business public dealing with like concerns. No presumption of oppression or unfairness on the part of defendants can be indulged against them. Should they attempt unconscionably or unfairly to oppress plaintiff the law provides a remedy.

We feel that the essential elements of certainty are to be found in the contract or irresistibly flow from its terms. The sale and purchase of a standard make of automobile, to wit, a Mitchell, was the subject of the contract. Plaintiff

knew or had means of knowing the fixed price of the type, or pattern of the car that he wished to purchase. He also knew that in the absence of a contract to the contrary the price would be the fair market price of any car he might select. Placing ourselves in the position of the parties at the time the contract was made we feel convinced that a compliance with its terms will work no hardship against plaintiff, and that it may be equitably performed.

The judgment is affirmed.

Myers, J., Lawlor, J., Waste, J., and Wilbur, C. J., concurred.

Rehearing denied.

All the Justices concurred, except Lennon, J., who dissented.