[Civ. No. 3403. Third Appellate District.—February 7, 1928.]

J. M. NOBLE, Respondent, v. REID–AVERY CO. (a Corporation), Appellant.

Young & Young, Milton K. Young, Lyndol Young, L. R. Brigham and William K. Young for Appellant.

Goodwin J. Knight and Thomas Reynolds for Respondent.

PULLEN, J., *pro tem.*—This is an appeal from a judgment by default in favor of the Noble Company, respondent herein, against the Reid-Avery Company, a corporation, appellant. The complaint alleges, in substance, that an agreement was entered into between the parties to this appeal, wherein the Noble Company was to purchase for resale from Reid-Avery Company a large quantity of welding-rods, and would, from time to time, purchase additional amounts, as necessity required, and would pay for the same according to an agreed schedule of prices, and that, until the Noble Company had sold and completely disposed of said rods, and as long as it performed the terms of its agreement, the Reid-Avery Company would not sell similar rods or materials to anyone in certain designated counties, in which counties the Noble Company was to have the exclusive and sole rights to sell such materials.

After the execution of said agreement, and while respondent had a large stock of rods on hand, appellant, Reid-Avery Company, so it is alleged, sold certain rods to others within the exclusive territory, whereby respondent sustained damage.

The answer of Reid-Avery Company denies that it entered into an agreement other than as set forth in its answer, and it is therein admitted "that in May, 1923, there was an agreement made between the Reid-Avery Company and Atlas Foundry Company and the agent of Reid-Avery Company, for the Noble Company, to handle the output of the Reid-Avery Company of goods known as 'welding-rods,' on the terms and prices then agreed upon. . . . " And in a separate defense it is further alleged, as being part of the terms and conditions of the agreement, "that it was distinctly understood at the time of the first order of goods by Noble Company, that they, Noble Company, should have the

exclusive right to sell the goods and represent the Reid-Avery Company in that part of California known as Southern California, as long as they were able to give faithful service and a business management to the trade and produce the trade that was warranted in the territory allotted to them, and no longer.''

Appellant contends that the judgment is erroneous by reason of the invalidity of the contract upon which the action is based; that damages were awarded which arose subsequent to the commencement of the action without the aid of supplemental pleadings, and justification of cancellation by appellant. Appellant also insisted that the trial court abused its discretion in refusing to set aside the judgment of default entered against it.

The principal reason urged against the validity of the contract is that it lacks definiteness, certainty, and mutuality in that it is claimed that it cannot be ascertained from the contract what period of time appellant was to refrain from transacting business in the allotted territory, nor the duration of the sales agency conferred upon respondent by appellant. ■ However, the duration of the contract seems to be settled by the allegations in the answer hereinbefore set forth, which not only is conclusively presumed to be true for the purpose of this appeal, but is fully borne out by the testimony of the witnesses in the case.

■ Such provisions for the duration of the contract are sufficiently certain and valid. ■ As a general proposition the failure of an executory contract to state a time presently definite for its termination does not render it void for uncertainty. (13 C. J., p. 271.) In *Sutliff* v. *Seidenberg*, 132 Cal. 63 [64 Pac. 131], the agreement was to remain in force ''as long as our goods find ready sale on this coast,'' and the court said it was not so vaguely expressed as to be wholly unascertainable. In the case of *Gallagher* v. *Equitable Gas & Light Co.*, 141 Cal. 699 [75 Pac. 329], the court upheld a contract wherein the defendant agreed to furnish plaintiff gas for lighting purposes for an indefinite length of time, and plaintiff, in reliance on the offer, agreed to take the gas to light his hotel, and expended considerable sums of money in installing necessary gas fixtures. The court upheld the contract and ordered the de-

fendant to furnish the plaintiff gas "as long as plaintiff will continue to operate and use the same in said hotel."

■ Appellant cites, in support of its contention that the contract is invalid for uncertainty, the case of *Kurtz* v. *DeJohnson*, 42 Cal. App. 221 [183 Pac. 588], in which case the court refused specifically to enforce a contract of personal service, on the ground that its uncertainty rendered it unfair in its terms, but that was an action in equity to compel specific performance of the contract for personal services, which is a distinguishing point from the case at bar, this being an action at law for damages for breach of contract. That a greater degree or amount of certainty is required in the terms of an agreement which is to be specifically executed in equity than is necessary in a contract which is the basis of an action at law for damages, is declared in the case of *Durst* v. *Jolly*, 35 Cal. App. 184 [169 Pac. 449]. "The law does not favor but leans against the destruction of contracts because of uncertainty, and it will, if feasible, so construe agreements as to carry into effect the reasonable intentions of the parties if that can be ascertained." (*McIllmoil* v. *Frawley*, 190 Cal. 546 [213 Pac. 971].)

■ ■ The objection that the agreement lacks mutuality is successfully met by the record, which shows that respondent obligated himself to do, and in compliance therewith did various things, such as to act as exclusive sales agent, make initial purchases of rods, to make additional purchases sufficient to supply the trade, to expend time and money in working up a demand for the goods; and it furthermore appears that the obligations were executed, and want of mutuality is no defense in the case of an executed contract. (13 C. J., p. 334; *Los Angeles Traction Co.* v. *Wilshire*, 135 Cal. 654 [67 Pac. 1086].)

■ Section 3283 of the Civil Code provides: "Damages may be awarded in a judicial proceeding for detriment resulting after the commencement thereof, or certain to result in the future." Under this provision, proof of damage extends to all matters up to the time of verdict, which are the net result of wrongs done, and in this action, the theory of the plaintiff was, and with which the court agreed, that the termination of the contract and the repudiation of its promise by the defendant constituted a breach of the

contract. A leading case upon this point is *Hicks* v. *Drew,* 117 Cal. 305 [49 Pac. 189], wherein the court, speaking of section 3283 of the Civil Code, said: "By this section of the code plaintiff was entitled to recover damages suffered subsequent to the filing of the complaint. . . . Neither was a supplemental pleading necessary to support such a recovery."

In *Bryson* v. *McCone,* 121 Cal. 153 [53 Pac. 637], the court says: "Damages which accrued after the suit was commenced were properly allowed. The plaintiff could not maintain another suit for damages which resulted from the breach which had already occurred. This cause of action was complete when the suit was begun and the damages proved were a natural and necessary consequence of the wrong."

The final point urged by appellant is that they should be relieved from the default taken against them for failure to appear at the time of trial. Appellant moved for relief from the default judgment under section 473 of the Code of Civil Procedure. The briefs of the parties contained substantially all of the material evidence submitted to the trial court on this motion. All of the affidavits which were before the trial court are brought before this court for review, and the material portions of the oral testimony offered in support and in resistance of said motion are also brought to the attention of this court. The gist of appellant's motion, both in the trial court and on this appeal, seems to be that the confusion which occurred with reference to the filing of the substitution of attorneys was brought about through no negligence or culpability chargeable to defendant, and that the defendant was, through no fault of its own, prevented from being represented at the trial and from having its day in court by this misunderstanding. The trial court found, however, as a matter of fact, upon conflicting testimony, that defendant was not blameless in the matter of this substitution. Appellant endeavors to impress the court with the fact that the defendant and its agent were in nowise negligent, and seeks to lay the blame upon a former attorney of defendant, stating that the substitution had been signed by the defendant and forwarded to the attorney, by whom it was received, and then, through the negligence of the attorney, lost or failed to find its way

into the files of the court. This is one of the sharply disputed facts in the case, and the trial court on that issue of fact found against the contention of the appellant. Appellant is in no position to urge this court to believe a fact which the trial court found to be untrue. It is for the court below to say which it shall accept as the truth. ▄ It is fundamental that the ground of relief from a default lawfully taken is a matter of discretion with the trial court, which will not be interfered with on appeal, unless an abuse of discretion is clearly shown.

We have carefully read and examined the affidavits and testimony offered in support of the motion to set aside the default, but we do not find that the court below abused its discretion.

From an examination of all of the authorities and the records in this case, we are of the opinion that the judgment should be affirmed, and it is so ordered.

Hart, J., and Finch, P. J., concurred.