[Civ. No. 8482.   Second Appellate District, Division One.—February 4, 1935.]

STONE DRILL CORPORATION (a Corporation), Appellant, v. STOODY COMPANY (a Corporation), Respondent.

Wellborn & Wellborn and Vernon Barrett for Appellant.

Harold Richardson for Respondent.

THE COURT.—The alleged cause of action filed in the lower court primarily was based upon a breach by the defendant of the following instrument:

"Stone Drill Corporation,
   "633 West Colo. Blvd.,
      "Glendale, Calif.
"Gentlemen:
   "Confirming our recent conversation we will agree to give you exclusive distribution in the United States, Canada and Mexico on hard abrasive alloys that you assist us to develop.
   "It is understood that you will give us exclusive and adequate representation in the above outlined territory.

"You are to furnish us with samples of the various materials of a superior quality now in use and to try out the material that we develop and to furnish us with any other information that you may have in regard to abrasives.

"It is understood that the retail prices are to be set and maintained by mutual agreement, but in no case will the retail price be less than double the cost to the Stone Drill. Corporation.

"If the above proposition is acceptable and you will sign the acceptance below, this letter will constitute our working agreement.

> "Yours very truly,
> "STOODY COMPANY,
> "(Signed)   By W. F. STOODY,
> "President.

"Above Agreement
"Accepted by
> "STONE DRILL CORPORATION,
> "By FRED STONE, Pres."

The complaint in the action contained the following allegation:

"That simultaneously with the execution of said written agreement, it was covenanted and agreed by and between plaintiff and defendant Stoody Company that said written agreement should be and become effective, and the term thereof should commence on February 19, 1927; that said written agreement should remain effective, and the term of duration thereof should continue, so long as the alloys therein referred to were manufactured by the defendant; that the term 'United States', as used in said written agreement, should include and embrace the forty-eight states of the United States of America, the District of Columbia, the territory of Alaska, and all of the dependencies, colonies and territorial or other possessions of the United States of America, anywhere in the world to be found or situate; that the price which defendant Stoody Company would charge plaintiff for the hard abrasive alloys referred to in said written agreement, would be set and maintained by mutual agreement, based on the wholesale list price of defendant therefor; that said hard abrasive alloys would be delivered by defendant Stoody Company to plaintiff when, where and

as directed by plaintiff; that defendant Stoody Company would sell and deliver to plaintiff all such hard abrasive alloys as plaintiff could sell, pursuant to the provisions of said written agreement; that plaintiff was to have the exclusive right to buy said hard abrasive alloys at wholesale, and sell and distribute the same at both wholesale and retail; and that plaintiff was to pay defendant Stoody Company for said hard abrasive alloys on delivery thereof to plaintiff."

It is admitted that none of such additional provisions to the written agreement of the parties was in writing.

A general and special demurrer to the complaint was sustained by the trial court,—"ten days to amend". Plaintiff having failed to amend its complaint, judgment was rendered and entered in favor of the defendant. It is from such judgment that the instant appeal is taken.

Without reference to other alleged defects in the written agreement, it will be noticed that the only means therein provided by which the retail price of the commodity (which is one of the essential elements of the agreement) is "to be set and maintained", is "by mutual agreement";— which in effect is no agreement whatsoever. And the same conclusion applies to the provision that "in no case will the retail price be less than double the cost to the Stone Drill Corporation".

With reference to the allegations concerning oral modifications and amplifications of such provisions of the written agreement, it need only be said that evidence of such modifications or amplifications would be in violation of the rule which forbids that a written agreement be altered by parol. (Sec. 1856, Code Civ. Proc.)

The judgment is affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 4, 1935.