SHENK, J.
 

 A petition for hearing was granted for the purpose of giving further consideration to the contention that the contract sued on was void under section 1673 of the Civil Code. Upon such further consideration we adopt as a portion of the opinion of this court the opinion of the District Court of Appeal prepared by Mr. Presiding Justice Grail as follows:
 

 “A general demurrer to the plaintiff’s first amended complaint was sustained without leave to amend and judgment was entered accordingly. The appeal is taken from said judgment.
 

 “Under the allegations of one of the counts of the complaint the parties entered into an agreement which, when boiled down, reads as follows: The defendant enters into an agreement with the plaintiff whereby the defendant agrees with the plaintiff that as long as the plaintiff purchases and continues to purchase from the defendant all of its John A. Wathen Distillery Company warehouse receipts for whiskey that it may require and sells and exploits in California said
 
 *445
 
 warehouse receipts, and refrains from selling and exploiting warehouse receipts from any other distillery, the defendant will not sell in California any of the said warehouse receipts [for resale to investors] to any other person except one in San Francisco. The complaint further alleges that the plaintiff, relying upon the said agreement, purchased from the defendant a quantity of said warehouse receipts at the time of entering into said contract and that thereafter the plaintiff continued to purchase quantities of said receipts from the defendant and at all times has been and now is and will continue to be ready, willing and able to purchase additional receipts and will refrain from purchasing receipts from other distilleries; that in reliance upon said agreement the plaintiff expended large sums of money for the purpose of advertising, circularizing and exploiting the defendant’s warehouse receipts, and further large sums of money for opening branch offices in California for the purpose of carrying on the business contemplated by said contract, stating the amounts; that the defendant breached said contract, stating the facts, and that by reason thereof the plaintiff was damaged in certain sums, naming them.
 

 “In another count plaintiff, in addition to the above, alleges that the defendant did wilfully, falsely and fraudulently enter into said contract with intent to deceive and defraud the plaintiff and to induce the plaintiff to purchase and agree to purchase in the future and sell, advertise, circularize and exploit said warehouse receipts. That said representations, agreements and covenants of the defendant were fraudulent and false and known by the defendant to be fraudulent and false in that the defendant never intended to perform the same, and that defendant did, during the term of said representations, wilfully and maliciously and with intent to injure the plaintiff’s business sell and dispose of large numbers of said warehouse receipts to others.
 

 “ The first contention of the defendant is that the foregoing contract is void as a contract and unavailing as a representation, in this, that it violates section 1673 of the Civil Code, which provides, in effect, that every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind is to that extent void. In our view of the contract its terms indicate that it was entered into, not for the purpose of restricting any trade
 
 *446
 
 or business, but for the purpose of promoting one. It is true the contract makes the plaintiff, except one other, the exclusive purchaser in California of the defendant’s warehouse receipts, but obviously, both the purpose and effect of the contract are, not to restrict the sale of the defendant’s receipts, but to create an instrumentality by which the receipts will be exploited and sold. The contract does not restrain anyone from exercising a trade or business of any kind within the purview of section 1673 of the Civil Code.
 

 “Statutes are interpreted in the light of reason and common sense, and it may be stated as a general rule that courts will not hold to be in restraint of trade a contract between individuals, the main purpose and effect of which are to promote and increase business in the line affected, merely because its operations might possibly in some theoretical way incidentally and indirectly restrict trade in such line. This view has often been sustained by the Supreme Court of the United States in analogous cases. (See numerous cases cited and digested in
 
 J.
 
 W.
 
 Ripy & Son
 
 v.
 
 Art Wall Paper Mills,
 
 41 Okl. 20 [136 Pac. 1080, 51 L. E. A. (N. S.) 33.].)
 

 “The defendant’s next contention is that the contract was fatally uncertain in that there is no agreement as to the price of the merchandise to be sold by the defendant and purchased by the plaintiff. There is no fatal uncertainty in this respect. The rule is that when no price is specified in a contract for the sale of goods, whether ex-ecutory or executed, the price is supplied by the implication that a reasonable price is intended.
 
 (Dickerman
 
 v.
 
 Ohashi Importing Co.,
 
 63 Cal. App. 101 [218 Pac. 458]; Williston on Sales [2d ed., 1924], see. 171.) This rule was adopted in the Uniform Sales Act and has been incorporated into our law by section 1729 (4) of the Civil Code, which provides as follows: ‘Where the price is not determined in accordance with the foregoing provisions the buyer must pay a reasonable price. What is a reasonable price is a question of fact dependent on the circumstances of each particular case. ’
 

 “The final contention of the defendant is that the contract was for an indefinite time and therefore was terminable at the will of either party thereto. The failure to
 
 specifically
 
 limit the duration of the contract did not fatally affect it and did not give rise to a right to terminate the con
 
 *447
 
 tract at will without a liability for damages. Even where a contract for the sale of goods is silent as to its duration, the party seeking to terminate it must give the other party reasonable notice thereof, and such termination cannot be effected until at least a reasonable time has expired.
 
 (Southern Pac. Co.
 
 v.
 
 Spring Valley Water Co.,
 
 173 Cal. 291 [159 Pac. 865, L. R. A. 1917E, 680]; 13 Cor. Jur. 604, see. 630.)
 

 “In the instant case the contract is not silent with regard to its duration. On the contrary, it provides that ‘ as long as the plaintiff purchases and continues to purchase . . . ’, etc., the contract will remain in effect. The contract is very similar to the one involved in the case of
 
 Noble
 
 v.
 
 Reid-Avery Co.,
 
 89 Cal. App. 75 [264 Pac. 941], In that case the agreement was that the plaintiff was to purchase for resale from the defendant a large quantity of welding rods, and would, from time to time, purchase additional amounts as necessity required and ‘it was distinctly understood at- the time of the first order of goods that the plaintiff should have exclusive right to sell the goods and represent the defendant in Southern California,
 
 as long as
 
 they were able to give faithful service and a business management to the trade and produce the trade that was warranted in the territory allowed to them, and no longer’. The court said, ‘Such provisions for the duration of the contract are sufficiently certain and valid. As a general proposition the failure of an executory contract to state a time presently definite for its termination does not render it void for uncertainty. ’ Citations for the rule are given and the question is rather fully discussed. ’ ’
 

 The defendants particularly rely on
 
 Morey
 
 v.
 
 Paladini,
 
 187 Cal. 727 [203 Pac. 760], and
 
 Chamberlain
 
 v.
 
 Augustine,
 
 172 Cal. 285 [156 Pac. 479], as compelling a contrary conclusion on the question whether the agreement is in restraint of trade. In
 
 Morey
 
 v.
 
 Paladini, supra,
 
 the contract was that the plaintiff’s assignor was to deliver to the defendant at San Diego five tons of live and boiled lobsters each week during the “closed” season between April 2, 1917, and October 15, 1917; and the defendant was granted the exclusive right to sell the lobsters in a portion of California, and in Oregon, Washington and Nevada. The defendant refused shipments after May 15th. Judgment for the plaintiff was reversed. The ground of the reversal was that the evidence showed that the purpose of the plaintiff’s assignor was to control the en
 
 *448
 
 tire shipment of lobsters into the territory during the season noted, and that the reason for the refusal of the defendant to abide by the contract was the failure of the plaintiff’s assignor to obtain that control of the fisheries and the shipments, as a consequence of which the market became overstocked. It was held to have been conclusively established by the evidence that in the inception of the transaction it was contemplated by the parties that the contract was one which would result in at least a partial restraint of trade. The facts concerning the real intent of the parties were thus brought to light upon the framing of the issues of fact and a. trial on the merits.
 

 The purport of the agreement in the case of
 
 Chamberlain
 
 v.
 
 Augustine, supra,
 
 as interpreted by the court, disclosed a contract directly within the contemplation of said section 1673. The defendant, upon the sale of certain corporate stock by him, had agreed not to engage in a business to compete with the corporation’s business within a three-year period. It was held that the sale of stock was not a sale of the good will and did not bring the agreement within the exception of section 1674 of the Civil Code.
 

 Likewise in
 
 Endicott
 
 v.
 
 Rosenthal,
 
 216 Cal. 721 [16 Pac. (2d) 673], the facts surrounding its execution showed the contract to be part of a scheme to restrain competition in the business of clothes dyeing and cleaning in Los Angeles and Orange Counties.
 

 A distinction between contracts tending solely to promote the business of the parties to the contract and those, such as involved in
 
 Morey
 
 v.
 
 Pdladini, supra,
 
 wherein a similar object is designed to be accomplished by stifling competition and securing a monopoly, is recognized in
 
 Associated Oil Co.
 
 v.
 
 Myers,
 
 217 Cal. 297, at page 304 et seq. [18 Pac. (2d) 668]. In that case the defendant had agreed to sell at retail on premises leased to him by the plaintiff, only the petroleum products vended by the plaintiff. The contract was held to be valid. Any inconsistent announcement made in the case of
 
 Coombs
 
 v.
 
 Burk,
 
 40 Cal. App. 8 [180 Pac. 59], also relied upon by the defendant herein, was rejected as “not controlling”.
 

 The decisions in this state have recognized and applied the distinction made by authority elsewhere that if the public welfare be not involved and the restraint upon one
 
 *449
 
 party be not greater than protection to the other requires, the contract will be sustained although it in some degree may be said to restrain trade.
 
 (Associated Oil Co.
 
 v.
 
 Myers, supra,
 
 p. 306;
 
 D. Ghirardelli Go.
 
 v.
 
 Hunsicker,
 
 164 Cal. 355 [128 Pac. 1041];
 
 Grogan
 
 v.
 
 Chaffee,
 
 156 Cal. 611 [105 Pac. 745, 27 L. R A. (N. S.) 395];
 
 Herriman
 
 v.
 
 Menzies,
 
 115 Cal. 16 [44 Pac. 660, 46 Pac. 730, 56 Am. St. Rep. 81, 35 L. R. A. 318];
 
 Twomey
 
 v.
 
 Peoples’ Ice Co.,
 
 66 Cal. 233 [5 Pac. 158];
 
 Schwalm
 
 v.
 
 Holmes,
 
 49 Cal. 665;
 
 Noble
 
 v.
 
 Reid-Avery Co.,
 
 89 Cal. App. 75 [264 Pac. 341];
 
 Appalachian Coals, Inc.,
 
 v.
 
 United States,
 
 288 U. S. 344, 360, 361 [53 Sup. Ct. 471, 77 L. Ed. 825];
 
 Board of Trade
 
 v.
 
 United States,
 
 246 U. S. 231, 238 [38 Sup. Ct. 242, 62 L. Ed. 683, Ann. Cas. 1918D, 1207];
 
 United States
 
 v.
 
 American Tobacco Co.,
 
 221 U. S. 106, 179, 180 [31 Sup. Ct. 632, 55 L. Ed. 663];
 
 Gibbs
 
 v.
 
 Baltimore Gas Co.,
 
 130 U. S. 396, 409 [9 Sup. Ct. 553, 32 L. Ed. 979];
 
 Peerless Pattern Co.
 
 v.
 
 Gauntlett Dry Goods Co.,
 
 171 Mich. 158 [136 N. W. 1113, 42 L. R. A. (N. S.) 843], and cases cited in note;
 
 J.
 
 W.
 
 Ripy & Son
 
 v.
 
 Art Wall Paper Mills,
 
 41 Okl. 20 [136 Pac. 1080, 51 L. R. A. (N. S.) 33].)
 

 In
 
 Grogan
 
 v.
 
 Chaffee, supra,
 
 at page 615, it was noted that the provisions of the code sections here involved must be construed in the light of such well-settled principles.
 

 We conclude that the complaint in the present case alleges a contract which on its face discloses merely an intent to provide for the promotion of the business of the defendant in the sale of warehouse receipts issued by it on its stores of bourbon whiskey. It may not be supposed that the promotion of sales to investors by the plaintiff exclusively, in the territory designated of none other than bourbon whiskey storage receipts issued by the defendant, would have any tendency to stifle competition or create a monopoly in that class of commodity. Alone and in the absence of an attack upon the validity of the apparent purpose of the contract, it must be considered valid.
 
 (Pacific Factor Co.
 
 v.
 
 Adler,
 
 90 Cal. 110, 121 [27 Pac. 36, 25 Am. St. Rep. 102].) The contract alleged is nothing more than an attempt by the parties to create a market, within a small designated territory, for the warehouse receipts of bourbon whiskey of one firm to investors in that type of security. Such a limited restriction does not appear to affect the public interests and
 
 *450
 
 is obviously designed only to protect the respective parties in dealing with each other. Furthermore, it does not appear that it was the intent of the parties to control by monopoly the market price of the securities or in any manner to interfere with the normal fluctuations resulting from the law of supply and demand. The practical effect of the contract was to make the plaintiff the exclusive agent of the defendant in the territory assigned. In other words the plaintiff was in reality employed by the defendant to develop a market for the sale of the commodity within the limited territory. The special character of the commodity indicates that the price in the market might tend to fluctuate from day to day. It should also be noted that under all the circumstances the parties no doubt intended to leave the matter of the price to be controlled by the existing market conditions at the several times of sale by the defendant to the plaintiff. This apparent intention, therefore, should govern in arriving at the conclusion that the contract alleged was complete and valid although no price was stated.
 

 The judgment is reversed.
 

 Seawell, J., Waste, C. J., Langdon, J., and Nourse, J.,
 
 pro tern.,
 
 concurred.