[Civ. No. 17709. Second Dist., Div. Two. June 23, 1950.]

AVALON PRODUCTS, INC. (a Corporation), Respondent, v. JIMMIE LENTINI, Appellant.

Sanner, Fleming & Irwin, John Amos Fleming for Appellant.

Walter R. Powers for Respondent.

WILSON, J.—From a judgment in favor of plaintiff in an action for damages for breach of contract, defendant appeals.

As ground for reversal appellant contends the contract is invalid and unenforceable.

Respondent is a distributor of commercial ice cream freezers under a license agreement from the manufacturers. Prior to July 26, 1948, there were negotiations between appellant and one of respondent's salesmen with respect to the purchase by appellant of certain ice cream freezer equipment. On that date appellant called at respondent's office and executed a purchase order for specified equipment. At the time he executed the order, appellant gave respondent's sales manager his check for $435 on account. The purchase order, which is the contract sued upon herein, contains a description of the goods ordered, the delivery date, the purchase price less the amount of the down payment and under special instructions is written

the following: "Method of payment to be agreed upon before delivery."

At the time of the execution of the purchase order respondent's sales manager drew an order directed to the manufacturer and appellant approved the electrical specifications by signing his name on a copy thereof. Either the same day or within a day or two after the execution of the order appellant stopped payment on the check he had given as a down payment and thereafter notified respondent in writing that he would not accept or pay for the equipment. Respondent cancelled its order with the factory and the machinery was never shipped.

Appellant concedes that if the order were silent as to the terms of payment it would, upon proper acceptance by respondent, have constituted a valid contract. He contends, however, that the words "Method of payment to be agreed upon before delivery" in the putative contract indicate that the minds of the parties had not met upon one of the essential terms and that the contract was therefore incomplete.

■ The law leans against the destruction of contracts because of uncertainty and favors an interpretation which will carry into effect the reasonable intention of the parties if it can be ascertained. (*McIllmoil* v. *Frawley Motor Co.*, 190 Cal. 546, 549 [213 P. 971]; *Sutliff* v. *Seidenberg, Stiefel & Co.*, 132 Cal. 63, 65 [64 P. 131, 469]; *Roy* v. *Salisbury*, 21 Cal.2d 176, 184 [130 P.2d 706]; *Meyers* v. *Nolan*, 18 Cal. App.2d 319, 322 [63 P.2d 1216].) The description of the subject matter of an agreement may be indefinite but if it is capable of being identified and rendered definite and certain by evidence *aliunde*, the contract is enforceable. (*McIllmoil* v. *Frawley Motor Co., supra; Mebius & Drescher Co.* v. *Mills*, 150 Cal. 229, 236 [88 P. 917]; *Pease* v. *Lindsey*, 129 Cal.App. 408, 410 [18 P.2d 717].) That is certain which can be made certain. (Civ. Code, § 3538.) ■ Where one buys personal property at an agreed price by implication of law he agrees to pay the price and if no time of payment is agreed upon the law fixes the time of delivery as the time of payment. (Civ. Code, § 1729; *Gilfallan* v. *Gilfallan*, 168 Cal. 23, 29 [141 P. 623, Ann.Cas. 1915D 784].)

■ Where, however, there has been no agreement upon an essential element and the contract provides no means for the determination thereof but leaves it to the future negotiation and agreement of the parties, the contract is void. (*McIll-*

*moil* v. *Frawley Motor Co., supra.*) Thus it is true generally that if no price is fixed in the contract the law, upon delivery and acceptance of the commodity sold, implies an understanding between the parties that a reasonable price is to be paid; but where the price of the commodity called for but not delivered is to be subsequently ascertained by the agreement of the parties, the contract of sale is incomplete and unenforceable until the price is fixed or agreed upon. (*Jules Levy & Bro.* v. *A. Mautz & Co.,* 16 Cal.App. 666, 669 [117 P. 936] ; *Stone Drill Corp.* v. *Stoody Co.,* 4 Cal.App.2d 367, 369 [40 P.2d 945].) The agreement to be enforceable must comprise all the terms which the parties intend to introduce into it. "An agreement to enter into an agreement upon terms to be afterwards settled between the parties is a contradiction in terms. It is absurd to say that a man enters into an agreement until the terms of that agreement are settled." (Mechem on Sales, vol. I, § 234; *Monahan* v. *Allen,* 47 Mont. 75, 80 [130 P. 768].) Although a greater degree of certainty is required in a contract which is sought to be specifically enforced, the general rule is that a provision in a contract which leaves open the terms of payment for future negotiation renders the contract incomplete and uncertain in one of its material features and for that reason unenforceable in equity. (49 A.L.R. 1464 and cases cited.) In California the rule is the same and no action will lie to enforce the performance of a contract or to recover damages for its breach unless it is complete and certain. (*Talmadge* v. *Arrowhead Reservoir Co.,* 101 Cal. 367, 371 [35 P. 1000] ; *Dillingham* v. *Dahlgren,* 52 Cal.App. 322, 329-30 [198 P. 832].)

The purchase order involved herein specifically provides that the method of payment is to be agreed upon before delivery. An essential element of the contract is thus left to future negotiation and agreement of the parties. If prior to delivery either party should insist upon terms of payment which the other is unwilling to meet neither party could enforce the contract. Since appellant repudiated the contract before there was complete agreement respondent cannot recover damages for its breach.

Judgment reversed.

Moore, P. J., and McComb. J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 17, 1950.