[No. 11713. In Bank. — December 30, 1889.]

# EMANUELE CASTAGNINO, RESPONDENT, *v.* P. BAL-LETTA ET AL., APPELLANTS.

PLEADING — AMENDMENT OF COMPLAINT — CHANGE OF CAUSE OF ACTION — MECHANIC'S LIEN — COMMON COUNTS. — A complaint in an action by a contractor to enforce a mechanic's lien, in which the special contract between the contractor and owner of the building is stated, can be changed by amendment into an action on the contract, which may be counted on specially, or the common counts in *assumpsit* may be used, in accordance with the general rules applicable to such counts.

ASSUMPSIT — GENERAL RULES OF PLEADING — USE OF COMMON COUNTS. — If the contract continues executory, or the mode of payment is other than in money, the plaintiff must declare specially; but if the contract is fully executed on the part of the plaintiff, and payment was to be in money, the plaintiff may elect either to declare specially or upon the common counts, though the common counts cannot be used until a term of credit given has expired. The common counts may be used if the contract has been partly performed, and then extinguished by consent, or by acts of the defendant giving plaintiff liberty to treat it as at an end. If the defendant has accepted and enjoyed the benefits of what was done under a special agreement, which was departed from, and not done in the stipulated time or manner, the plaintiff cannot recover upon the contract, but may recover the reasonable value of the benefit to the defendant.

ID. — EVIDENCE OF SPECIAL CONTRACT — NONSUIT. — When there is evidence tending to show a full performance of the contract by plaintiff, and that nothing remained but the payment of the money which is due, and the complaint declares upon the common counts, the special contract is admissible in evidence as an admission of the standard of value, or as proof of any other fact necessary to the recovery; and a nonsuit should not be granted in such case for disagreement between the allegations and proof.

APPEAL — LAW OF THE CASE — CHANGE OF FACTS — AMENDMENT OF PLEADING — CONDITIONS OF CONTRACT — WAIVER — INSTRUCTIONS. — The decision upon an appeal, where the judgment is reversed, becomes the law of the case in its future stages, and must always be applicable so long as the facts presented in the case appear to be the same. But when a judgment is reversed for want of necessary averments and proofs as to compliance with the conditions of a contract specially declared upon, if the complaint is amended before a second trial so as to declare upon the common counts in *assumpsit*, and the proofs tend to show a waiver of compliance with such conditions, the former decision is not applicable; and a charge of the court upon the subject of such waiver does not contravene the law of the case.

BUILDING CONTRACT — APPROVAL OF ARCHITECT — CONDITIONS AS TO RECEIPTED BILLS — WAIVER OF COMPLIANCE — INSTRUCTIONS. — When

there is evidence before the jury from which they might infer a waiver of the acceptance of a building by an architect before payment as provided in the contract, and also a waiver of compliance with other conditions as to receipted bills, and proof of the non-existence of liens, instructions requested in favor of defendants as to the necessity of compliance with such conditions in order to a recovery by plaintiff, which ignore the evidence as to the waiver, and would withdraw its consideration from the jury, should be refused.

STATUTE OF LIMITATIONS — PLEADING — NONSUIT — STATEMENT OF GROUNDS. — When the statute of limitations is pleaded only as to two counts of a complaint, and not as to the third count, the question as to the bar of the statute cannot be raised upon motion for a nonsuit upon the ground that the claim of plaintiff is barred. The word "claim," as thus used in the grounds of the motion, includes the whole claim set forth in the three counts, and the action in its entirety could not be held to have been barred.

ID. — WAIVER OF BAR OF STATUTE — FAILURE TO ASK INSTRUCTIONS — NEW TRIAL STATEMENT — INSUFFICIENCY OF EVIDENCE — LACK OF SPECIFICATION. — The question of the statute of limitations cannot be raised upon the record upon appeal, if no instruction to the jury appears to have been given or requested on that subject, and no exception is reserved, and no specification is made in the statement on motion for new trial as to the insufficiency of the evidence to justify a verdict for plaintiff for the full amount claimed in the complaint, and the question is not otherwise properly presented.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The instructions requested by defendant, and refused by the court, upon which error is assigned, were the following:—

"1. The contract between the plaintiff and the defendants provides that before any payment is considered due, the plaintiff shall produce receipted bills for material and labor, or authorize the party of the first part to pay said bills for materials and labor, and at the last payment all bills for labor and materials were to be presented, and the owner satisfied that there were no liens or encumbrances against the building, or likely to be. And I instruct you that, unless the plaintiff has proved to your satisfaction that he produced receipted bills for

all materials and labor furnished and performed on the building, or that he authorized the defendants to pay said bills, if any, the plaintiff cannot maintain this action, and your verdict must be for the defendants.

"2. The contract also provides that the plaintiff shall furnish all the materials and perform the work to the satisfaction of the architect. And I instruct you that, unless you find that the work performed and materials furnished were satisfactory to the architect, the plaintiff cannot recover, and the defendants are entitled to a verdict.

"3. The contract also provides that George Bordwell shall act as superintendent, and that he shall have the power to reject any work or materials which, in his opinion, is deemed imperfect, and not agreeing with the plans and specifications, and whose decision shall be final and conclusive between the parties. And I instruct you that if said George Bordwell decided that any of the work or materials were imperfect, and not agreeing with the plans and specifications, that his decision was binding upon the plaintiff, and it was his duty to comply with such decision; and unless you find that the plaintiff did comply with the decision of said Bordwell in the performance of said work and the furnishing of materials, the plaintiff cannot recover in this action, and the defendant is entitled to a verdict.

"4. The contract further provides that when the houses are completed, each in all its parts, and accepted by the architect, the balance of the contract price, $2,450, with the retained per cent, shall become due. And I instruct you that unless the plaintiff has proven to your satisfaction that the buildings were accepted by the architect, the plaintiff cannot maintain this action."

The court instructed the jury upon the subject of waiver as follows:—

"If you believe, from all the evidence, that the defendants, with full knowledge of all the facts, accepted the

work done by the plaintiff, and promised and agreed to pay him therefor the sum claimed by him to be due under the contract, then such acceptance and promise would be a waiver on the part of the defendants of the conditions of the contract relative to the architect's approval of the work, and of the conditions relative to the production by plaintiff of receipts of bills, and of the condition relative to the owners being satisfied of the non-existence of liens." Further facts are stated in the opinion of the court.

*Tilden & Tilden*, for Appellants.

*Hassett & Tevlin*, and *Theodore Bradley*, for Respondent.

THORNTON, J. — This action was originally brought to foreclose a mechanic's lien for $1,395.50 on a block of buildings in the city of San Francisco. The buildings were erected by plaintiff for defendants under a written contract, which provided that plaintiff should furnish all the materials, and do the work according to plans and specifications made by George Bordwell, architect, and receive therefor the sum of $9,800, payable in installments as the work progressed, the last payment to be made "when the houses shall be completed, each in all its parts, and accepted by the architect." The $1,395.50 consisted of an unpaid balance of the contract price and $375 alleged to be due for extra work and materials. The case was tried, and judgment rendered for plaintiff. An appeal was taken by defendants from the judgment, and an order denying them a new trial, and the judgment and order were reversed on authority of *Loup* v. *Railroad Co.*, 63 Cal. 97. The case came on again for trial, and the plaintiff was allowed, over the objections of defendants, to file an amended complaint in *indebitatus assumpsit*. It contained three counts. The first alleged an indebtedness from defendants to plaintiff of $1,020.50

for work and labor done and materials furnished in the erection of a block of buildings in the city of San Francisco; the second alleged an indebtedness of $270 for extra work done and materials furnished in the erection of the said block of buildings; and the third alleged an indebtedness of $105 for putting a door in defendants' building, and constructing a sidewalk in front thereof, at their special instance and request. · The prayer was for judgment for $1,395.50, the aggregate of these amounts, with interest and costs.

The defendants, by their answer, denied that they were indebted to plaintiff in the sum of money named in the complaint, or in any sums or sum whatever, and to the first two counts they pleaded the statute of limitations. They then alleged that the labor and materials sued for, except the last item of $105, were furnished under a written contract, which was executed by the parties on the 26th of April, 1876, and a copy of which was set forth and made a part of the answer. They further alleged that they complied with all the conditions of the contract on their part, and paid plaintiff during the progress of the work the sum of $9,104, but that plaintiff failed to comply with the conditions of the contract on his part; that he omitted to put in the buildings many things required by the contract and specifications, and that the value of the articles and work omitted was $450; that the buildings were not completed within the time named in the contract, and defendants were damaged thereby in the sum of $900; that the foundation was not put down to solid ground, and by reason thereof the buildings settled, to the damage of the same in the sum of over $1,000. The prayer was for judgment against the plaintiff for $1,500, and costs of suit. The case was tried before a jury, and the verdict and judgment were for plaintiff. Defendants moved for a new trial, which was denied, and have appealed from the judgment and order.

When the trial commenced, the plaintiff first intro-

duced in evidence the building contract, a copy of
which is set out in the answer and the specifications re-
ferred to therein.   He then introduced evidence show-
ing that the terms of the contract were subsequently
changed in certain respects by agreement of the parties;
that he proceeded to construct and complete the build-
ings according to the plans and specifications; that he
performed certain extra work which was provided for
by an indorsement on the contract, and for which he
was to receive two hundred and seventy dollars; that he
also placed an extra door in one of the houses, by direc-
tion of the architect, at a cost of fifteen dollars, and
by an agreement with defendants laid a new sidewalk in
front of the building, for which they were to pay him
ninety dollars; that he was prevented by defendants
from completing the whole work at the time named in
the contract; that after it was in fact completed, the
architect suggested certain items of work which he
wished to have done, saying that when they were done
to his satisfaction he would accept the buildings as com-
plete, and that he (plaintiff) did the suggested work so
far as it was called for by the contract; that a few days
afterward, at a meeting of the plaintiff, defendant Bal-
letta, and the architect, the architect said he was satisfied
with the building and would accept it; that at this meet-
ing the architect also said to plaintiff's attorney, who
was present, that " he [plaintiff] had a hard contract,
anyhow, and that he was glad that he had finished it
up, and that he had advised him not to take the contract
in the first place; that he knew he lost a great deal of
money on it; he said he knew he lost not less than two
thousand dollars on the contract; he was glad it was
finished "; that it was then arranged that another meet-
ing of the parties should be held at the architect's of-
fice to figure up the amount due plaintiff and settle the
whole matter; and that in pursuance of this arrange-
ment the parties met, the amount due plaintiff was

figured up and agreed to be, including the extra work, $1,395.50, and that after that the architect called plaintiff's attorney aside " and spoke in a low tone and said that he wanted plaintiff to pay him one hundred dollars; that he had been to a great deal of trouble in superintending the buildings, and that the amount paid him by defendant for his services was not sufficient"; that plaintiff, on being informed of this demand, refused to pay it, and the architect then said that he would charge plaintiff for lost time, and would not receive the buildings; that defendant was present with a bag of money on the table, ready to pay plaintiff, if the architect had not stopped him from doing so.

The defendants objected to the admission in evidence of the contract and specifications, on the ground that they showed an entirely different contract from the one set up in the complaint, and were therefore irrelevant and immaterial; and to all the evidence showing that the terms of the contract were varied and changed, and to all evidence offered to excuse or explain the delay in the completion of the contract according to its terms, on the ground that it was incompetent, and inadmissible under the pleadings.    They also moved for a nonsuit on similar grounds.    The objections and motion were all overruled, and exceptions reserved.

The above statement, which we find to be correct, is taken from the opinion of Commissioner Belcher, filed July 1, 1889, after which a rehearing was granted.

The objection to the permission of the court below, granted plaintiff, to file an amended complaint, on which the cause was tried, is without merit.    There is no change of the cause of action which inhibits the court from allowing the amendment.    A complaint in an action to enforce a mechanic's lien in which the special contract between contractor and owner was stated can be changed by amendment into an action on the contract, which contract may be counted on specially; or the common

counts in *assumpsit*, in certain cases, which will be here-
after pointed out, may be made use of by the pleader.

That the common counts may be resorted to in actions
on contracts, within certain defined limits, has been too
long and two well settled in this state to be the subject
of further debate or controversy.   It is only necessary
to refer to the cases which adjudge this to be the law,—a
course of decision which commenced in this court at an
early day in its history, following the rulings of the
courts of New York on a statute similar to our own, and
which has continued to the present time.   (See *De Boom*
v. *Priestly*, 1 Cal. 206, decided in 1850; *Reynolds* v. *Jour-
dan*, 6 Cal. 108, decided in 1856; *Adams* v. *Pugh*, 7 Cal.
151; *O'Connor* v. *Dingley*, 26 Cal. 20.)   There are many
other cases which may be found by reference to the di-
gests, and need not be cited here.   The rule is stated as
fully settled in *O'Connor* v. *Dingley*, 26 Cal. 20, in which
case it was held not applicable, for the reason stated in
the opinion of the court in that case.   There the con-
tract had been fully performed, on which performance
money was not to be paid, but a note was to be executed,
payable twelve months after date.   It did not appear
that the parties disregarded that stipulation in the con-
tract, or in any manner waived the execution of the
note.   There was no breach of the contract set up for
the non-execution of the note.   The breach alleged was
the failure to pay the money.   The money was *not due.*
It there appears that there was no breach of the con-
tract in the matter alleged.   The court held that an
action might have been maintained for a failure or re-
fusal to execute the note, but the use of the common
count by the pleader was not available, at least until the
period of credit had expired.   (See 26 Cal. 22, 23.)

The rules of pleading in regard to the employment of
the common counts in actions on contracts are well
stated by Professor Greenleaf, in the second volume of
his work on Evidence (section 104), as follows: "The law

on this subject may be reduced to three *general rules:* 1. So long as the contract continues *executory*, the plaintiff must declare specially; but when it has been *executed* on his part, and nothing remains but the payment of the price in money by the defendant, which is nothing more than the law would imply against him, the plaintiff may declare generally, using the common counts, or may declare specially on the original contract, at his election. If the mode of payment was any other than in money, the count must be on the original contract. And if it was to be in money, and a term of credit was allowed, the action, though on the common counts, must not be brought until the term of credit has expired. This election to sue upon the common counts, where there is a special agreement, applies only to cases where the contract has been fully performed by the plaintiff. 2. Where the contract, though partly performed, has been either abandoned by mutual consent, or rescinded and extinct by some act on the part of the defendant. Here the plaintiff may resort to the common counts alone for remuneration for what he has done under the special agreement. But in order to do this, it is not enough to prove that the plaintiff was hindered by the defendant from performing the contract on his part; for we have just seen that in such case he must sue upon the agreement itself. It must appear from the circumstances that he was at liberty to treat it as at an end. 3. Where it appears that what was done by the plaintiff was done under a special agreement, but not in the stipulated time or manner, and yet was beneficial to the defendant, and has been accepted and enjoyed by him. Here the plaintiff cannot recover upon the contract from which he has departed, yet he may recover upon the common counts for the reasonable value of the benefit which, upon the whole, the defendant has derived from what he has done."

The decisions sustaining the points stated in the above

extract are cited in the notes to the section referred to. (See also 2 Smith's Lead. Cas., notes of Wallace to *Cutter* v. *Powell*, pp. 47, 48, 49, where the rules are clearly and fully stated, and cases cited.)

In this case there is evidence tending to show that the architect accepted the building; that all other preliminaries were complied with by the plaintiff, and nothing remained but the payment of the money. The pleader, under such a state of facts, could set forth his cause of action under the common counts adopted by him in accordance with the rules above set forth. And under such counts the special contract was admissible in evidence. (See *Reynolds* v. *Jourdan*, 6 Cal. 109, where it was held that the special contract was admissible under the common counts as an admission of the standard of value, or as proof of any other fact necessary to the recovery, and should be allowed to go to the jury whenever it can aid them in attaining a sound conclusion; see also above reference to 2 Smith's Lead. Cas. 47, 48, 49, etc., and cases there cited.) Such has always been the course of procedure in this state. The cases will be found in the digests. There was no error in admitting the contract.

The defendants moved for a nonsuit on five grounds. The only one urged in the points of the defendants is, that the plaintiff set forth his cause of action on the common counts, and in proof of them introduced the special contract. The other grounds are not adverted to in the points, and will not, therefore, be noticed. We perceive no error in this, for the reasons given above. There was evidence tending to prove a full compliance by plaintiff with the terms of the contract, and nothing remained to be done but the payment of the money by the defendants. The court, therefore, did not err in denying the motion for a nonsuit.

The defendants attack several instructions given by the court below; and here it may be observed that the decision on the former appeal became the law of the case,

and must be always applicable as long as the facts presented in the case appear to be the same. (*Jaffe* v. *Skae*, 48 Cal. 543.) The cases on this point are cited in the concurring opinion of the writer in *Sharon* v. *Sharon*, to which reference may be had. (79 Cal. 633.)

On the former appeal the judgment and order were reversed on the authority of *Loup* v. *Cal. S. R. R. Co.*, 63 Cal. 79. The opinion in the case is simply a statement of the reversal on the authority of the case cited. (See 11 Pac. C. L. J. 277.)

In *Loup* v. *Cal. S. R. R. Co.*, just cited, the reversal was in consequence of a failure to aver the estimates of the engineer, as provided for in the contracts, as preliminary to payment, or legal cause for the non-production of such estimates; also on a failure of proof of the matters just referred to.

In the complaint on the former appeal, there was a lack of averment that the buildings, when completed, had been accepted by the architect, and of a compliance with other preliminaries as to receipted bills, and for this lack we presume the judgment and order were reversed, and the cause sent back for a new trial.

The defendants made several requests for instructions, which were refused by the court, and exceptions were reserved. They specify as erroneous requests numbered one, two, three, and four. Objections are also made to the charge of the court. On examination of these objections, we are of opinion that the court did not err in refusing the requests, and that the charge to the jury was a fair exposition of the law applicable to the case as presented on the trial.

In relation to the requests for instructions, we remark that there was evidence before the jury from which a waiver of the matters stated in the request might have been inferred. We refer to what occurred between plaintiff and Bordwell in presence of defendants at Hassett's office, a few days after the 19th of December, 1876, and

the occurrence on the next day at Bordwell's office. These matters will be found in the detailed statement.

As a waiver of the matters stated in the requests *might* have been inferred by the jury from the evidence, it would have been erroneous to give the requested instructions, which omitted all reference to a waiver, and asked that a verdict might be rendered on the facts stated in the requests in favor of defendants. This would have withdrawn the evidence bearing on the point of waiver from the consideration of the jury, and would have directed a verdict for defendants, on a partial statement of the facts bearing on the points presented by the requests for their determination. This would have been error, and violative of the just rule laid down in *Gallagher* v. *Williamson*, 23 Cal. 332, 83 Am. Dec. 114, approved and followed in 48 Ind. 167, that where a court instructs a jury upon what state of facts they may find a verdict for a party, the instruction should include all the facts in controversy material to the right of plaintiff or defense of defendant. The material point as to waiver was left out in the requested instructions, in derogation of plaintiff's right to have it submitted to the jury.

We think the evidence tends to show that the placing of the extra work set up in the third count in the contract was in effect waived by the conduct of the parties; and that hence the failure to put it in the contract is no obstacle to a recovery for it.

The charge of the court does not in any manner violate or contravene the rule *as to the law of the case*.

As to the statute of limitations, which was pleaded as above stated to *the first two counts*, and not pleaded as to the third count of the complaint. One of the grounds on which defendants moved for a nonsuit was " that the proof shows that the claim is barred" by section 337 of the Code of Civil Procedure, and also by section 339 of the Code of Civil Procedure. These sections are por-

tions of the statute of limitations. Conceding that the cause of action set forth in the two first counts, to which the statute was pleaded, were barred, the statute was not pleaded to the third count, and therefore the bar could not, on a motion for a nonsuit, be urged against it. As the word "*claim*," used in the grounds, includes the whole claim set forth in the three counts of the complaint, and the statute, by reason that it was not pleaded, could not be urged against the third count, the trial court did not err in denying the motion for a nonsuit. The action in its entirety could not be held to have been barred, and the court would have erred if it had granted the motion.

We cannot see that the point as to the bar of the statute of limitations can be urged or presented by the defendants on the record before this court. The presentation of it on the motion for a nonsuit has already been considered and disposed of.

There is no question of this kind presented on any exception to the charge of the court.

The counsel for defendants asked no direction to the jury on this point, to which, if refused, he might have reserved an exception.

The court did not direct the jury at all in regard to it. The failure of a court to charge on a point, if not asked to do so, is not error. If counsel desire to have the direction of the court on a point, he must request it, and if refused, he must reserve an exception to the refusal, and present the point in this court for review on a statement or bill of exceptions. This must be done, or the appellant cannot urge it for the consideration of this court as error in the ruling of the court. In such a state of the case, there has been no ruling by the trial court, and hence there can be no exception and no consideration of an exception here.

Let it be conceded that in this case the evidence was insufficient to justify the verdict, by reason of the fact

that the causes of action set forth in the two first counts were barred by the statute of limitations, there are not in the statement any such specifications of insufficiency of the evidence, and they cannot, for that reason, be considered here.

We have examined the record, and find no error in it. The judgment and order are therefore affirmed.

Fox, J., McFarland, J., Sharpstein, J., Paterson, J., and Works, J., concurred.

Rehearing denied.