[Civ. No. 19211.   Second Dist., Div. Three.   Jan. 22, 1953.]

JOHN W. HAGGERTY, Appellant, v. JESSE J. WARNER et al., Respondents.

Andrew J. Copp, Jr., and H. Dexter McKay for Appellant.

Kaufman & Leland and N. Stanley Leland for Respondents.

VALLÉE, J.—Plaintiff appeals from a judgment denying him any relief except as expressly given. It adjudged that he recover $1,796.74 with interest.

Plaintiff's original complaint contained four counts, to which defendants filed an answer. When the matter came on for trial, defendants objected to the introduction of evidence on the first and second counts. The court regarded this motion in the nature of a demurrer, sustained it, and gave plaintiff leave to amend.

Plaintiff then filed a first amended complaint containing seven counts. Defendants demurred to the first five counts.

The demurrers to the first, second, and fifth counts, which were based on a written contract set forth *in haec verba,* were sustained without leave to amend on the ground the contract alleged was void for uncertainty. The demurrer to the fourth count was overruled. Defendants' motion to strike certain portions of the third count was granted and the demurrer thereto sustained with leave to amend.

Plaintiff then filed what was termed a "Second Amended Complaint," but which we shall refer to as an amendment since, in reality, as its first count it amended merely the third count of the first amended complaint (to which a demurrer had been sustained with leave to amend) and retained as its second, third, and fourth counts, the fourth, sixth, and seventh counts, respectively, of the first amended complaint. Defendants answered this amendment. When the matter came on for trial defendants' counsel moved to preclude evidence as to the first and second counts of the amendment on the ground neither one stated facts sufficient to constitute a cause of action. The motion was granted. Defendants' counsel then stated that no defense would be made with respect to the third and fourth counts of the amendment, and conceded that plaintiff was entitled to judgment on either one or the other. The latter two counts sought the recovery of $1,796.74 for monies advanced by plaintiff on behalf of defendants and at their special instance and request. Judgment was, therefore, entered in that amount.

Plaintiff complains that the judgment makes no disposition of the first, second, and fifth counts of the first amended complaint and the first and second counts of the amendment. While the judgment does not in terms dismiss the action as to these counts, we think that is its effect.

Plaintiff contends the court erred in sustaining the demurrers to the first, second, and fifth counts of the first amended complaint without leave to amend. We agree. The contract on which these counts were based reads:

"Pasadena, California
June 25, 1948

AGREEMENT

"For valueable consideration and services rendered we hereby agree to pay to John W. Haggerty, of Los Angeles, California, his successors, or assigns, Five Per Cent (5%) of all our billings on sales of units for talking dolls and on the

records for same. This agreement shall be binding upon us, our successors and assigns.

WARNER AND SONS

J. C. Tittemore                              By J. J. Warner

Witness''

The premise on which defendants' demurrer was founded was that the foregoing contract was void because (1) it made no provision for its termination, and (2) the phrase ''Five Per Cent (5%) of all our billings on sales of units'' is too indefinite and vague to give certainty to the contract. The premise is untenable. ▮ In *Rutherford* v. *Standard Engineering Corp.*, 88 Cal.App.2d 554 [199 P.2d 354], it was contended the contracts were so uncertain as not to constitute agreements enforceable in law. The court said (p. 561) : ''The answer to the contentions is—did the contracting parties understand each other without indulging in surmise? ▮ The trend of recent decisions indicates a policy of upholding contracts if a reasonable construction may be reached that the intention of the parties was mutually understood and readily may be ascertained. (*Roy* v. *Salisbury*, 21 Cal.2d 176 [130 P.2d 706].)'' ▮ In the last cited case, the Supreme Court said (p. 184) : ''It is a fundamental principle as stated in *McIllmoil* v. *Frawley Motor Co.*, 190 Cal. 546, 549 [213 P. 971]: 'The law does not favor but leans against the destruction of contracts because of uncertainty; and it will, if feasible, so construe agreements as to carry into effect the reasonable intentions of the parties if that can be ascertained.' [Citations.] ▮ Also, adverting to section 1654 of the Civil Code, in cases of uncertainty not removed by the rules stated in sections 1635 to 1653 of that code, the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist, and the promisor is presumed to be such party.'' (*Roy* v. *Salisbury*, 21 Cal.2d 176, 184 [130 P.2d 706].)

The following facts, among others, deemed true on demurrer, are alleged in the first count of the first amended complaint and incorporated by reference in the second and fifth counts: Defendants, at the time the contract was entered into, were and had been in the business of manufacturing and selling a mechanism, called units, which would reproduce sounds in dolls and other toys; between the fall of 1947 and June 1, 1949, defendants employed plaintiff to exploit and promote the units for them; on May 1, 1949, the parties en-

tered into the contract set forth above; although the contract is dated June 25, 1948, it was not entered into or delivered until May 1, 1949, and was done so to include "all billings by defendants on sales of units . . . accruing on and after the first day of June, 1949"; from June 1, 1949, defendants have continuously manufactured, sold, and made billings on sales of the units, and the amount of the billings is unknown to plaintiff.

With the foregoing facts in mind, it is obvious from the contract itself that for a valuable consideration *and* services rendered by plaintiff the parties contemplated he was to receive a certain percentage of all "sales of units" after May 1, 1949. ▮ The time of the delivery of a written contract is ordinarily deemed to be the time when the contract becomes binding unless a different intent appears. (17 C.J.S. 818, § 359.) The term "billings" used in the contract is a verbal noun. ▮ What the parties meant by the term is, for the reasons hereafter given, a matter for the trial forum. It is obviously an expression which has a definite meaning in the commercial or mercantile world. Webster's New International Dictionary (2d ed.) shows, in a footnote, that "billing" is the "pres. part. and verbal n. of bill." It also appears from Webster that "bill" means "1. To charge or enter in a bill; to make a bill, inventory, or list of; as, to *bill* goods; to *bill* passengers. Specif., *Com.*, to enter, or post, in a book of accounts; to prepare a bill of (charges to customers). 2. To submit a bill of charges to, as a customer."

▮ Nor is the contract fatally uncertain and indefinite, as defendants urge, merely because it omits a time for its duration. ▮ The effect of the omission from an agreement of the time of its duration is generally determined by a construction of the contract (6 Cal.Jur., 218, § 143), and may be implied from the nature of the contract or from the circumstances surrounding it. (13 C.J. 271, § 60; 12 Am.Jur. 860, § 305; see, *Noble* v. *Reid-Avery Co.*, 89 Cal.App. 75, 78 [264 P. 341]; *Mile* v. *California Growers Wineries, Inc.*, 45 Cal.App.2d 674, 679 [114 P.2d 651]; *Sutliff* v. *Seidenberg, Stiefel & Co.*, 132 Cal. 63, 64-66 [64 P. 131, 469]; *Gallagher* v. *Equitable Gas Light Co.*, 141 Cal. 699, 706-707 [75 P. 329].) ▮ The contract is subject to the construction, among others, that it was to continue as long as "billings" were made by defendants.

The court, therefore, erred in sustaining the demurrer to

the first, second, and fifth counts of the first amended complaint without leave to amend.

Plaintiff next urges that the court erred in granting defendants' motion to preclude evidence under the first and second counts of the amendment to the first amended complaint.

The well-established principles with respect to the objection of a defendant to the introduction of evidence is concisely stated in *Miller* v. *McLaglen*, 82 Cal.App.2d 219 [186 P.2d 48], where this court said (p. 223): "An objection to the introduction of any evidence on the ground that a complaint fails to state a cause of action is in the nature of a general demurrer to the complaint or a motion by a defendant for judgment on the pleadings. [Citations.]

An objection by a defendant to the introduction of any evidence may only be sustained where the complaint fails to state a cause of action, and that is the sole question presented to the court. [Citations.]        Upon such an objection the allegations of the complaint must be accepted as true for the purposes of the objection. [Citations.] . . .

Nothing dehors the complaint may be considered. No defense set up in the answer may be considered. The truth of the allegations of the complaint must be assumed. If the complaint states a cause of action the objection must be overruled."

The four counts of the amendment are cast in the form of common counts. The first count is but an amendment of the third count of the first amended complaint to which a demurrer had been sustained with leave to amend after certain portions thereof had been ordered stricken. It is, in effect, cast in the form of indebitatus assumpsit. It is grounded on the theory of money debt due on a contract fully performed by plaintiff.        It is established that when a contract has been fully performed and nothing remains to be done under it except the payment of money by defendant, plaintiff may declare generally in indebitatus assumpsit. (*Castagnino* v. *Balletta*, 82 Cal. 250, 258 [23 P. 127]; *Sessions* v. *Pacific Improvement Co.*, 57 Cal.App. 1, 25 [206 P. 653]; *Locke* v. *Duchesnay*, 84 Cal.App. 448, 455 [258 P. 418]; *Hall* v. *King*, 100 Cal.App. 70, 73 [279 P. 814]; *Abbott* v. *Limited Mut. Comp. Ins. Co.*, 30 Cal.App.2d 157, 165 [85 P.2d 961].)        Such count may be joined with one on the contract, and a plaintiff is under no compulsion to elect but may submit his case to the trier of fact for de-

termination upon the facts, and it is the province of the trier of fact to decide which count is supported by the evidence. (*Sessions* v. *Pacific Improvement Co.*, 57 Cal.App. 1, 27 [206 P. 653].) ▮ The count here alleges that within two years last past defendants became indebted to plaintiff for certain personal services rendered by plaintiff at defendants' special instance and request, for which services defendants orally agreed to pay plaintiff 5 per cent of all of defendants' billings on sales of units and in addition thereto 5 per cent of all billings on sales of units made by defendants' successors and assigns; that the amount of the billings on such sales is unknown to plaintiff and cannot be ascertained without an accounting; and nonpayment by defendants. While the count contains extraneous and surplus matters and is not to be approved as an exemplar of model pleading, its averments are sufficient to meet the requirements of a common count cast in the form of indebitatus assumpsit. ▮ Where a common count for services rendered alleges they were performed at the request of defendants, that they promised to pay for them and failed to do so, such count is good. (*Preston* v. *Central Calif. Water & Irr. Co.*, 11 Cal.App. 190, 193-196 [104 P. 462]; *Smith* v. *Bentson,* 127 Cal.App. Supp. 789, 793 [15 P.2d 910]; *Sessions* v. *Pacific Improvement Co.*, 57 Cal.App. 1, 26 [206 P. 653]; *Donegan* v. *Houston,* 5 Cal.App. 626, 629 [90 P. 1073].)

The second count of the amendment is one in *quantum meruit.* ▮ It is well established that a plaintiff may, where he is seeking but one recovery, plead either upon an express contract or in *quantum meruit.* ▮ The count states plaintiff performed certain services for defendants, alleges their reasonable value, that they were rendered at the special instance and request of defendants, and are unpaid. This meets the requirements of a common count cast in the form of *quantum meruit.* (*Clark* v. *Dulien Steel Products, Inc.*, 54 Cal.App.2d 92, 96 [128 P.2d 608]; *Brown* v. *Crown Gold Milling Co.*, 150 Cal. 376, 382 [89 P. 86].)

For the foregoing reasons, counts one and two of the amendment are not vulnerable to a general demurrer. (*Miller* v. *McLaglen,* 82 Cal.App.2d 219, 223 [186 P.2d 48], and cases cited.) The court, therefore, erred in granting defendants' motion to preclude evidence as to these counts.

Defendants' demurrers to some of the counts were special as well as general. ▮ When a count states facts sufficient to constitute a cause of action, denial of leave to amend

is an abuse of discretion even though the special demurrer is well taken. (*Toney* v. *Security First Nat. Bank,* 108 Cal. App.2d 161, 168 [238 P.2d 645].) We do not decide that counts one, two, and five of the first amended complaint were not subject to special demurrer, and the trial court may, in its discretion, require the clarification of uncertainties and ambiguities, if any, in those counts.

The judgment, insofar as it adjudges that plaintiff recover $1,796.74 with interest, from defendants, is affirmed. In all other respects, it is reversed for further proceedings consistent with the views we have expressed.

Shinn, P. J., and Wood (Parker), J., concurred.