[Civ. No. 7121. Fourth Dist. Sept. 4, 1963.]

ROBERT C. HIGGINS, Plaintiff and Appellant, v. DESERT BRAEMAR, INC., Defendant and Respondent.

(Two Actions)

746

McCabe & Saevig and Roger A. Saevig for Plaintiff and Appellant.

Thompson & Colegate and Robert B. Allen for Defendant and Respondent.

COUGHLIN, J.—The plaintiff, appellant herein, brought these consolidated actions to recover compensation for services rendered as a general contractor in connection with the construction of a 100-unit cooperative apartment project owned

by the defendant, the respondent herein; one was upon a common count to recover the reasonable value of those services; and the other was to foreclose a general contractor's lien for the same services.

The parties involved in this transaction were the plaintiff, a licensed general contractor; the defendant Desert Braemar, Inc., herein referred to as the Desert Company, which was a corporation engaged in building, owning and operating cooperative apartment dwellings; the Braemar Construction Corporation, herein referred to as the Construction Company, which was a corporation engaged in promoting and constructing cooperative apartment dwellings, but did not hold a general contractor's license; and Paul J. Broman, herein referred to as Broman, who, during the times herein mentioned, was the treasurer or president and managing agent for both the Desert Company and the Construction Company.

By his complaints the plaintiff alleges, in substance, that at the request of the defendant, the Desert Company, he rendered services as a general contractor, in the construction of the latter's housing project, and that the defendant agreed to pay him the reasonable value thereof, which was $131,100.

The defendant denied the allegations of the complaint and alleged, among other things, that the services referred to in the plaintiff's complaint were rendered by him as an associate contractor with the Construction Company pursuant to an agreement between them to act as joint contractors for the subject project; that they did not have a license to do so; that, by reason of this circumstance, the transaction was illegal and the plaintiff was not entitled to maintain an action to recover for such services; and that the defendant, the Desert Company, was not a party to that agreement. The defense of illegality was predicated upon the provisions of section 7029 of the Business and Professions Code.

At the pretrial conference the plaintiff advanced the contention that he had entered into a written agreement with Broman, who was acting as agent for an undisclosed principal, *viz.*, the defendant, to act as general contractor for the construction job in question; that he had done so; and that he was entitled to 10 per cent of the cost of construction. The pretrial conference order incorporated this contention. Thus, in substance, there was added to the complaint an allegation that the services in question were rendered pur-

suant to a written agreement between the plaintiff and the defendant as an undisclosed principal.

■ Initially, the plaintiff obtained subcontracts for the framing and cleaning up work which was a part of the cooperative apartment construction. Thereafter, he was approached by Broman, purportedly on behalf of the Construction Company, to act as a general contractor for the job, provided he would post a performance bond; orally agreed to do so; subsequently signed a written agreement to this effect, dated July 17, 1956; on or about July 24, 1956, entered upon and in the discharge of his duties as general contractor; was unable to post the performance bond; following this, at the suggestion of Broman, entered into a written agreement dated August 16, 1956, to which the signatories were himself and Broman, the latter purporting to act for and as president of the Construction Company, pursuant to which he agreed to act as associate general contractor and was to receive as compensation therefor (a) $5,000 in cash, (b) if the actual cost of construction was less than $1,061,354, one-half of the difference between these amounts, and (c) one-half of the profits over actual construction costs of approved extras; continued to render services as a general contractor until the project was completed; did not receive the compensation prescribed by the latter agreement; and, thereupon, brought this suit against the defendant.

At a former trial of this matter the defendant moved for a nonsuit upon the ground that the plaintiff could not recover under the agreement of August 16, 1956, because the parties thereto had not obtained a joint contractor's license as required by section 7029 of the Business and Professions Code, and upon the further ground that no privity of contract existed between the plaintiff and the defendant; the trial court granted the motion and entered judgment of dismissal accordingly; the plaintiff appealed; and this court reversed the judgment. (See *Higgins* v. *Standard Fed. Sav. & Loan Assn.*, 188 Cal.App.2d 68 [10 Cal.Rptr. 200].) Subsequently, the matter was tried a second time and the issues presented by the common count cause of action, as modified by the pretrial conference order, were submitted to the jury for decision, but the instructions thereon permitted recovery by the plaintiff only upon a finding that the Construction Company, acting through Broman, executed the agreement of August 16, 1956, on behalf of the defendant, as the undisclosed agent of an undisclosed principal, and limited the

amount of recovery to $5,000. The reason for this limitation was the determination by the trial court that the evidence was insufficient to establish the existence of any profit from the construction as planned, or from the extras, in which the plaintiff would share under the terms of that agreement. The jury rendered a verdict in favor of the plaintiff in the sum of $5,000. In the foreclosure action the trial court found that the agreement of August 16, 1956, was executed by the Construction Company, acting through Broman as agent for the defendant, the latter being an undisclosed principal; that this agreement was valid because a general contractor and an owner may act jointly as a general contractor without obtaining a joint contractor's license (Bus. & Prof. Code, § 7050]; that the plaintiff had rendered the services required thereby; that he had not been paid therefor; and that the amount of his recovery should be $5,000. The plaintiff appeals from the judgments in both actions and contends that the trial court erred in instructing the jury that if they found for the plaintiff the amount of his recovery would be limited to $5,000, and in refusing to permit him to introduce evidence (a) in proof of the reasonable value of his services; (b) to show his activity with respect to the framing subcontract; and (c) to prove that the August 16, 1956, agreement was obtained by fraud.

There is evidence from which the jury could have concluded that the total cost of construction, including extras, was $1,248,143.90; that the cost of the extras alone was in excess of $300,000; that the consequent actual cost of construction, without extras, was $948,143.90; that the difference between the actual cost of construction and $1,061,354 was $113,211; and that, under the terms of the August 16, 1956, agreement, the plaintiff was entitled to one-half of the latter amount, i.e., $56,605.50. The trial court's rejection of this evidence as a matter of law, and its instruction to the jury that any award in favor of the plaintiff must be limited to $5,000, i.e., the cash payment provided for in the subject agreement, was error. (*Daniels* v. *City & County of San Francisco*, 40 Cal.2d 614, 623 [255 P.2d 785]; *Hampton* v. *Occidental etc. Steamship Co.*, 139 Cal. 706, 708 [75 P. 579]; *Bowman* v. *Collins*, 181 Cal.App.2d 807, 810 [5 Cal.Rptr. 776]; *Gould* v. *Samuels*, 132 Cal.App.2d 459, 469 [282 P.2d 566]; *Moran* v. *Zenith Oil Co.*, 92 Cal.App.2d 236, 243 [206 P.2d 679].)

In the foreclosure action the trial court found that

the actual cost of construction of the housing project was not less than $1,061,354, and concluded that the plaintiff was entitled to recover only the $5,000 cash payment. However, the fact that the trial judge instructed the jury as a matter of law that any recovery by the plaintiff should be limited to the $5,000 cash payment, together with his remarks to counsel with respect thereto, establish that his finding that the actual cost of construction was not less than $1,061,354, was based upon the belief that there was a failure of proof tending to establish a contrary finding. This was a mistaken belief and dictates the conclusion that the finding in question did not result from a consideration of the evidence at hand. The failure of the court to consider the evidence was error.

The judgment must be reversed and the case remanded for a new trial because of the errors noted. Nevertheless, the remaining contentions for reversal urged by the plaintiff should be considered because of the relevancy of the issues of law raised thereby to a disposition of the case on a new trial.

 The plaintiff's offer to prove the reasonable value of his services as a general contractor pursuant to the agreement of August 16, 1956, was based on the contention, as stated to the trial court, that the defendant had repudiated the subject agreement; that he then was authorized to rescind the same; and that upon such rescission, at his election, he was entitled to recover the reasonable value of the services theretofore rendered, citing the rule applied in *Kimes* v. *Davidson Inv. Co.*, 101 Cal.App. 382, 385 [281 P. 639], as authority for this position. The offer of proof was rejected by the trial court upon the ground that there was no evidence of repudiation. In support of his contention to the contrary, the plaintiff relies on evidence to the effect that when the plaintiff requested payment for his services the defendant, acting through Broman, declined to make such because there would have to be an accounting before it could be determined whether he was entitled to any compensation on account of any savings in the construction costs, or of profits from the "extras," and also because any money due him had been levied upon by writs of attachment in the total sum of $48,000. This was not sufficient to establish repudiation. Our attention also is directed to evidence that the defendant had advised the loan company authorized to disburse payment for construction costs that the plaintiff was acting as a supervisor of construction for which he was entitled to $5,000, but no more.

However, this information was not communicated to the plaintiff. Moreover, there is no evidence that he elected to rescind. Our review of the record supports the conclusion of the trial court that the evidence did not show repudiation or rescission. On appeal, the plaintiff makes the further contention that the defendant breached the contract by refusing payment as therein provided; that this breach gave him an election to treat the contract as rescinded and recover the reasonable value of his services; and that this election was exercised through the filing of a complaint seeking recovery under a common count. In support of this contention he relies upon a very generally stated general rule that:

". . . if a contract is fully executed upon the part of plaintiff and payment in money is to be made, plaintiff may elect to sue either upon the contract or upon the common count for the reasonable value of services rendered." (*Kurland* v. *Simmons*, 126 Cal.App.2d 79, 83 [271 P.2d 553].)

The rule referred to applies to the manner of pleading a cause of action to recover upon a claim for services rendered pursuant to a contract; allows a party who has fully performed his part of a contract for the rendition of services, where nothing remains to be done except the payment of money by the other, to sue specially on the contract or generally on the common count (*Oliver* v. *Campbell*, 43 Cal.2d 298, 305 [273 P.2d 15]; *Castagnino* v. *Balletta*, 82 Cal. 250, 254 [23 P. 127]; *Haggerty* v. *Warner*, 115 Cal.App.2d 468, 474 [252 P.2d 373]; *Lucy* v. *Lucy*, 22 Cal.App.2d 629, 631 [71 P.2d 949]; *Locke* v. *Duchesnay*, 84 Cal.App. 448, 455 [258 P. 418]); and permits recovery where the common count alleges a cause of action for *indebitatus assumpsit*, although recovery also has been permitted under *quantum meruit* allegations. (*Oliver* v. *Campbell, supra*, 43 Cal.2d 298, 307; *Haggerty* v. *Warner, supra*, 115 Cal.App.2d 468, 475.) In any event, under well-settled rules, the amount recoverable may be limited by the contract. Where a person fully performs his part of an agreement to render services for a stipulated consideration in money, although he may recover therefor in an action upon a common count, if the only unperformed part of that agreement is the payment of a sum of money constituting a liquidated debt, the amount of recovery is limited to that agreed to be paid. (*Moore* v. *Fellner*, 50 Cal.2d 330, 342 [325 P.2d 857]; *Oliver* v. *Campbell, supra*, 43 Cal.2d 298, 303, 306.) This conclusion follows an application of the rule respecting the remedies available upon a

breach of contract, as stated in Restatement of the Law of Contracts, section 350, where it is said:

"The remedy of restitution in money is not available to one who has fully performed his part of a contract, if the only part of the agreed exchange for such performance that has not been rendered by the defendant is a sum of money constituting a liquidated debt; but full performance does not make restitution unavailable if any part of the consideration due from the defendant in return is something other than a liquidated debt."

■ The obligation to pay the amount agreed upon for the services rendered becomes a liquidated debt, within the requirements of the stated rule, when that amount has been ascertained or is ascertainable by reference to a formula prescribed by the agreement. (Cf. *Hale Bros.* v. *Milliken,* 142 Cal. 134, 138, 140 [75 P. 653]; *Dunn* v. *Mackey,* 80 Cal. 104, 107 [22 P. 64]; *Walker* v. *Phillips,* 205 Cal.App.2d 26, 29-31 [22 Cal.Rptr. 727]; *Howard* v. *D. W. Hobson Co.,* 38 Cal.App. 445, 453 [176 P. 715]; *Hamburger* v. *Halperm,* 28 Cal.App. 317, 318 [152 P. 61]; *Lowenberg* v. *L. Jacobson's Sons,* 25 Cal.App. 790, 793, 794 [145 P. 734].) The existence of a dispute between the parties respecting the facts to which the formula applies does not render the amount payable an unliquidated debt. In *Thacker* v. *American Foundry,* 78 Cal.App.2d 76 [177 P.2d 322], the court held that the recovery of money due under a contract for services rendered, based upon a share of the profits of the defendant's business, was permissible, but that recovery of the reasonable value of those services was not permissible, even though the amount of profits payable was in dispute.

■ In the instant case, the plaintiff relied upon the contract of August 16, 1956, as a contract between himself and the defendant, to establish the request for his services. He testified unequivocally that he rendered his services in response to this contract. If the court and jury had found, as contended by the defendant, that this contract was between the plaintiff and the Construction Company, under the law of the case as settled by this court in *Higgins* v. *Standard Fed. Sav. & Loan Assn., supra,* 188 Cal.App.2d 68, 72, 73 [10 Cal.Rptr. 200], he would not have been permitted to recover the agreed or the reasonable value of the services rendered because of the illegal nature of the transaction. Having established that the contract under which he acted was valid, and there being no proof, under the present state of the record, tending to establish

a rescission thereof on account of repudiation or breach, the amount of his recovery was limited to that prescribed by its terms. Under these circumstances the ruling of the trial court sustaining the defendant's objection to the introduction of proof of the reasonable value of the services rendered was not error.

The court sustained objections to questions propounded by the plaintiff, and to an offer of proof in support thereof, for the purpose of showing his ''activities'' under the framing contract. The plaintiff's contention with respect to the materiality of the evidence to which objection was sustained is not clear. The complaint sought recovery for services as a general contractor and not as a framing contractor. He concedes that he is not endeavoring to recover on his framing contract. In his opening brief he argues that the rejected evidence was admissible to show fraud by Broman. In his reply brief he states that his use of the term ''fraud'' is an inexact word by which he meant to convey his concept of Broman's breach of contract. Apparently, he wished to show that Broman did not pay the amount due him under the framing contract at the times agreed upon; that as a result thereof he lacked finances to continue his work; and that this caused him to ''walk off the job.'' The offer of such evidence for such a purpose anticipated a defense which never was urged. The court found that the plaintiff had fully performed his part of the contract. He also urged that evidence showing that he was charged with items of expense not included within his framing contract was admissible to prove that he was acting as a general contractor because no other reason existed for charging those expenses against him. The court and jury found that the plaintiff was acting as general contractor. Under these circumstances, no prejudicial error occurred in excluding evidence offered to prove this fact. In addition, the plaintiff wanted to show that his framing contract account was charged with items of expense for which he was not responsible; that the purpose of this overloading was to make it appear that his withdrawals from the account exceeded the amount payable to him under said contract; and, because of this fact, the defendant was claiming an offset therefor against the money due him for his services as general contractor. Again, the proffered evidence anticipated a defense which never was advanced. The defendant rested its case without offering any evidence. No reversible error in the premises appears.

■ The plaintiff also wanted to prove that Broman had misrepresented that the Construction Company had a contractor's license; contended that this was a false representation; and urged its materiality in support of his position that the void contract between himself and the Construction Company was nonexistent because of such fraud. However, as disclosed by his contention at the pretrial conference, which was included in the pretrial order, he claimed that the contract in question was not between himself and the Construction Company but between himself and the defendant. The court and jury found accordingly. There was no error in excluding evidence respecting the alleged fraudulent representation.

The judgments are reversed.

Griffin, P. J., and Brown (Gerald), J., concurred.