Filed 2/26/13  Montano v. Hernandez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| DIANA C. MONTANO, | B239843 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BP125770) |
| v. | |
| NANCY HERNANDEZ, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Reva G. Goetz, Judge.  Affirmed.

Lorraine Anderson for Plaintiff and Appellant.

Law Offices of Cameron Sanchez and Cameron W. Sanchez for Defendant and Respondent.

_____

Diana Montano filed a quiet title action asserting adverse possession of a home. After three demurrers were sustained with leave to amend, the trial court sustained the demurrer to the Third Amended Complaint without leave to amend. Montano appeals the judgment of dismissal, and she also contends that the trial court should have granted her discovery motions. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2010 Montano filed suit to quiet title to a home in Los Angeles in which she had been living. The house had belonged to her husband's parents, the Sinohuis, who had died in 1996 and 1997, respectively. She had resided there since 1992. Montano filed a First Amended Complaint, to which Nancy Hernandez, Mrs. Sinohui's daughter, demurred. The record does not include the trial court's ruling on this demurrer or a transcript of the proceedings on this demurrer.

Montano filed a Second Amended Complaint, and Hernandez again demurred. The court sustained the demurrer to the Second Amended Complaint, granting leave to amend. Specifically, the court said, "I've already allowed an opportunity to amend but the Second Amended Complaint still does not allege any facts regarding the specifics of the adverse possession claim and I need specific facts constituting adverse possession. There's five specific elements that need to be addressed. None of those have been—I don't want to say none of them but they need to be better pled. It appears at this point, based on my review of the petition, that the facts constituting adverse possession are conclusions but I don't have the specific facts that show that the possession was actual, open, notorious and adverse. So I'm going to give you another opportunity to try to address that."

Montano filed a Third Amended Complaint in which she restated her quiet title claim and added three new causes of action: breach of oral contract, breach of implied contract, and unjust enrichment. Hernandez demurred to the Third Amended Complaint and requested judicial notice of Montano's husband's death certificate, demonstrating that he died in 2008. The trial court sustained the demurrer without leave to amend.

2

On December 30, 2011, Montano moved for reconsideration of the ruling on the demurrer. On January 4, 2012, she filed motions seeking an order to compel responses to discovery and an order deeming her requests for admission admitted. The court denied the motion for reconsideration on January 25, 2012, without prejudice to seeking permission to file an amended complaint. On February 3, 2012, Montano moved for leave to file a Fourth Amended Complaint.

On February 16, 2012, the court entered judgment. The court denied the discovery motions on March 9, 2012. Montano appeals.[1]

## DISCUSSION

### I.    Sufficiency of the Allegations of the Quiet Title Cause of Action

Montano contends that the trial court erred in sustaining the demurrer to the Third Amended Complaint because her quiet title cause of action was adequately pleaded. We review the ruling on a demurrer de novo. "On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. [Citations.] The court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation.] The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken. [Citations.]' [Citation.] However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory. [Citation.] And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment. [Citation.]" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.)

---

[1]    Hernandez has requested that this court impose sanctions against Montano for a frivolous appeal. Because the appeal does not meet the legal standard for frivolousness (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650), we deny Hernandez's motion.

Here, the vitality of the quiet title action turns on whether the facts pleaded in the Third Amended Complaint, taken as true, demonstrate that Montano's possession of the home was hostile to the owner's title rather than permissive. (*Hacienda Ranch Homes, Inc. v. Superior Court* (2011) 198 Cal.App.4th 1122, 1128 [elements of adverse possession include possession by actual occupation hostile to the owner's title].) Taking the facts pleaded in the Third Amended Complaint as true, Montano established that she was married to David Sinohui. David lived with his parents in their house, and she moved in there in 1992. David was sentenced to three and one-half years in prison shortly after Montano moved into the house.

Montano became a full-time caretaker to her parents-in-law. Her father-in-law died in 1996 and her mother-in-law died in 1997. Thereafter, Montano continued to live at the house. The house needed repair and upkeep, which Montano provided. She maintained and improved the property with a new roof, electrical and plumbing work, new doors, new locks, exterior and interior painting, and the installation of a fence at the front of the property.

Montano denied all Sinohui family members access to the property unless they lived there as paying tenants. She pleaded that in 1999 she permitted members of the family to move into the house but that they moved out soon thereafter when they could not pay the rent. Two other family members asked to live at the property but their stays were also brief as they did not pay rent. Montano alleged that her husband's brother asked to live at the house in late 2009, and that he lived there for approximately one year while paying monthly rent. Montano alleged that her possession of the property was known to the Sinohuis and that that it was not until October 2010 that any family member demanded that she pay rent to live at the house.

In conjunction with the demurrer to the Third Amended Complaint, Hernandez requested judicial notice of David Sinohui's death certificate, which establishes that he died in August 2008 and that he resided at the house at the time of his death. As Montano seeks a determination of title to the house as of October 25, 2010, her adverse possession of the house must have started before her husband's death, in 2005.

4

(Code Civ. Proc., § 325, subd. (b).) Montano, however, pleaded no facts in the Third Amended Complaint to demonstrate that her possession of the home was hostile rather than permissive in light of her marital status: other than to mention that she had been married to David Sinohui, that he went to prison for three and one-half years, and that he died after his mother, she did not plead any facts concerning his residence, whether he was an owner of the home, or how her possession of the home was nonetheless adverse despite their marriage and apparent joint occupancy of the property. (See, e.g., *Bias v. Reed* (1914) 169 Cal. 33, 41-42 ["If title had passed to [wife] by a conveyance executed in 1883, no ownership or control asserted by her husband thereafter would revest title in him, unless he had maintained an adverse possession in the manner and for the time required by the code. There is nothing here to indicate that the possession was adverse at all. The tract was occupied by both parties as their home, before and after the conveyance to Mrs. Reed. The occupancy was consistent with an ownership by either husband or wife. It was, in fact, a joint occupancy, and could not, on the facts offered to be shown, furnish the basis for a claim of prescriptive title by one against the other"].) Accordingly, Montano failed to "allege the specific facts constituting the adverse possession" (Code Civ. Proc., § 761.020, subd. (b)) that she claims as a basis for her action to establish title. The trial court, therefore, did not err in sustaining the demurrer to the quiet title cause of action in the Third Amended Complaint.

## II.    Other Causes of Action

The trial court sustained Hernandez's demurrers to three new causes of action included in the Third Amended Complaint that had not been presented in earlier complaints. Montano asserts on appeal that the trial court "refused to address the content of the other causes [of action], claiming the additional allegations were brought without permission, effectively side-stepping their sufficiency." The trial court's ruling on the demurrer to these causes of action was proper. "Following an order sustaining a demurrer . . . , the plaintiff may amend his or her complaint only as authorized by the court's order. [Citation.] The plaintiff may not amend the complaint to add a new cause

5

of action without having obtained permission to do so, unless the new cause of action is within the scope of the order granting leave to amend." (*Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1023.) Montano has not demonstrated that the court gave her permission to add new causes of action after sustaining the demurrer to the Second Amended Complaint, nor has she shown that the causes of action she added to the Third Amended Complaint were within the scope of the order granting leave to amend. The court did not err.

On appeal, Montano collapses her discussion of all the causes of action she attempted to assert in the Third and proposed Fourth Amended Complaints into one argument, entitled, "Other Causes of Action in Third or Fourth Amended Complaint." This section of argument appears intended to show that each claim stated a valid cause of action. Montano, however, has failed to demonstrate any error by the trial court.

Montano first addresses the breach of contract causes of action. Her presentation on this point consists of two sentences concerning the elements of a breach of contract claim. Montano fails to provide argument showing that the Third Amended Complaint or proposed Fourth Amended Complaint adequately stated a cause of action. An appellant must offer argument as to how the court erred, rather than citing general principles of law without applying them to the circumstances before the court. (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699.) "'""An appellate court cannot assume the task of discovering the error in a ruling and it is the duty of counsel by argument and the citation of authority to show the reasons why the rulings complained of are erroneous. Contentions supported neither by argument nor by citation of authority are deemed to be without foundation and to have been abandoned." [Citations.]' [Citation.]" (*In re Phoenix H.* (2009) 47 Cal.4th 835, 845.) As Montano has failed to show that she stated or could state a cause of action for breach of contract, she has not established error in sustaining the demurrer or denying leave to amend her contract-based causes of action.

Next, Montano addresses the unjust enrichment cause of action from her Third Amended Complaint with a single sentence argument that asserts that if Montano is not found to own the property she should receive the cost of improvements, taxes, and her

6

other expenditures. This single-sentence summary of her cause of action is also insufficient to establish error. (*In re Phoenix H.*, *supra*, 47 Cal.4th at p. 845.)

Montano next asserts that she properly stated a claim in the Fourth Amended Complaint for a common count of "goods and services rendered" because she alleged a contract for services that she has performed, and "if she loses title to the Property, she will not have been compensated for her services." Montano has not demonstrated that she pleaded a viable common count here. The pleaded basis for the defendants' indebtedness is her contract with her parents-in-law by which she would "move into the Property and care for them, in exchange for which Plaintiff would receive full title to the Property upon her in-Law's [*sic*] death." According to Montano, she fulfilled her obligations under the contract, and the only duty remaining under the contract was the parents-in-law's obligation to give her full title to the property. When the mode of payment under a contract is other than money, a common count does not lie; a litigant must sue on the contract. (*Castagnino v. Balletta* (1889) 82 Cal. 250, 258 ["If the mode of payment was any other than in money, the count must be on the original contract"]; see also *O'Connor v. Dingley* (1864) 26 Cal. 11, 22-23 [no common count because the defendant had been obligated to pay for services with a promissory note; action should have been based on failure to execute note]; *Benson Elec. Co. v. Hale Bros. Associates, Inc.* (1966) 246 Cal.App.2d 686, 697 ["a common count was improper because the performance due was something other than money"].)

Finally, with regard to the cause of action in the Proposed Fourth Amended Complaint entitled, "Failure to Execute Formalized Agreement," Montano states only that the property was to go to her upon her mother-in-law's death and that Hernandez has not executed the documents necessary to complete the transfer. Here again, Montano has failed to provide any legal analysis to support her implicit claims that the court erred and that she stated a valid cause of action. "These contentions are supported by neither argument nor citation of authority; they are therefore deemed abandoned. [Citation.] A reviewing court need not consider alleged error when the appellant merely complains of

7

it without pertinent argument." (*Downey Savings & Loan Assn. v. Ohio Casualty Ins. Co.* (1987) 189 Cal.App.3d 1072, 1090.)

### III. Fourth Amended Complaint

Montano next argues that the trial court erred in denying her permission to file a Fourth Amended Complaint. Although it is not clear whether she means to refer to the court's sustaining of the demurrer to the Third Amended Complaint without leave to amend or to the effective denial of her motion to file a Fourth Amended Complaint by the entry of judgment, resolution of this question is not necessary to our analysis. Leave to amend should be granted only when the plaintiff demonstrate a "reasonable possibility" that he or she can amend any of his or her claims to state a viable cause of action. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; see also *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 ["The burden of proving such reasonable possibility is squarely on the plaintiff"].) Neither here nor before the trial court did Montano show that her proposed Fourth Amended Complaint stated a viable cause of action. Accordingly, we find no abuse of discretion by the trial court.

### IV. Discovery Motions

Montano argues that the trial court should have compelled discovery responses by the defendants because those responses would have provided her with facts essential to her causes of action. Montano describes her discovery requests as addressing "all the points of ownership, notice, openness of occupancy by plaintiff, and the complete lack of protest by anyone for 13 years." Specifically, Montano asserts that "[n]one of the purported 'heirs' could demonstrate any objection to plaintiff's open and notorious occupancy of the premises for a thirteen year period, after her in-laws' deaths, and her occupancy with them from 1992 until her recent eviction." Even if we assume it to be true that the discovery responses would have shown that no one objected to Montano's presence on the property, that fact would not remedy the deficiency in her adverse possession cause of action with respect to whether the possession of the property was

8

hostile rather than permissive, and it is irrelevant to the other causes of action she attempted to allege.  Moreover, at the time that Montano moved to compel responses to the discovery, the demurrer to the Third Amended Complaint had been sustained without leave to amend, so there existed neither an operative complaint nor permission to file one.  Montano has demonstrated no abuse of discretion in the ruling denying her motions for discovery, nor has she shown that the discovery she sought would have permitted her to state a viable cause of action.

## DISPOSITION

The judgment is affirmed.  Respondent shall recover her costs on appeal.


ZELON, J.

We concur:


PERLUSS, P. J.


WOODS, J.

9